■ In the Matter of TOWNE-OLLER AND ASSOCIATES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is a New York corporation in the business of preparing reports for its customers who are manufacturers of health and beauty aid products. Its customers number 75 to 80 establishments. The service sold to the customers identifies distribution problems for their products. Petitioner also prepares reports for customers to assist them in convincing distributors to stock their products. Petitioner prepares about 20 different reports. To obtain information for its reports, petitioner purchases tapes from wholesalers and distributors identifying products they distribute and to what food stores. All of petitioner's reports are created from this data base. Some of the reports are directed to meet the individual needs of a given customer. These are prepared at the request of a customer and include a product positioning study, a distribution opportunity study and a manufacturer's special report. A second group of reports are more general in nature and are distributed as a matter of course to all of petitioner's customers. A third group of reports is distributed to all customers who define categories in the same manner.

The hearing disclosed that it is possible but unlikely that any two of petitioner's customers receive the same packet of reports, although at least two customers receive a like format.

Petitioner contends that the service it provides to its customers is primarily a marketing service and that the written reports are ancillary to the marketing service aspect of its activity. It also urges, in the alternative, that if its service is found to be an information service, its activities are not taxable in that the information provided to its customers is personal, is not incorporated in reports furnished to other persons and, therefore, falls within the exclusion of Tax Law § 1105 (c) (1).

We find no merit to petitioner's contention that it is not an information service. Its business is to collect and disseminate information. In its petition for review of its tax liability, petitioner concedes that its service is informational but contends that it is excluded from tax liability.

Tax Law § 1105 (c) (1) imposes a tax on:

"The receipts from every sale, except for resale, of the following services:

"(1) The furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons, but excluding the furnishing of information which is personal or individual in nature and which is not or may not be substantially incorporated in reports furnished to other persons" *(id.)*. Where an exclusion from taxability is involved, it must be strictly construed in the taxpayer's favor *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193).\* An information service is defined by 20 NYCRR 527.3 (a) (2) as "[t]he collecting, compiling or analyzing information of any kind or nature and the furnishing reports thereof to other persons".

Although there is some customizing of reports for individual customers by petitioner, the service provided is not of a personal and individual character. The service is furnished on a monthly basis and the reports furnished contain general information as well. All the information is gleaned from one general source. The reports are unlike those furnished by the taxpayer in *Matter of New York Life Ins. Co. v State Tax Commn.* (80 AD2d 675, *affd sub nom. Matter of Metropolitan Life Ins. Co. v State Tax Commn.,* 55 NY2d 758). We hold, therefore, that petitioner's activities are an information service and are not excludable from taxation.

Petitioner also challenges the assessment of a deficiency for sales tax on petitioner's purchases of graphic artwork for use in preparing reports for its customers. The artwork, which consists of graphs and the like, are reproduced and copies thereof are incorporated in the reports. The originals are later

---

\* *Matter of Mobil Oil Corp. v Finance Administrator of City of N. Y.* (58 NY2d 95, 99) states that exclusions are strictly construed against the taxpayer. We note that precedent indicates otherwise. The cases cited in *Mobil* for this proposition refer to *exemptions* rather than *exclusions (see, Matter of Young v Bragalini,* 3 NY2d 602, 605-606; *Matter of Schwartzman,* 262 App Div 635, *affd* 288 NY 568).

destroyed. Tax Law § 1105 (a) provides for a tax to be imposed on "receipts from every retail sale of tangible personal property, except as otherwise provided in this article". A retail sale is defined as a "sale of tangible personal property to any person for any purpose" (Tax Law former § 1101 [b] [4] [i]). However, Tax Law former § 1101 (b) (4) (i) does not include in its definition of a retail sale personal property which is purchased for the purpose of resale as a physical component part of tangible personal property or for use in performing the service of furnishing information, which service is subject to sales tax if the property which is "so sold is later actually transferred to the purchaser of the service" (Tax Law former § 1101 [b] [4] [i]; see, Tax Law § 1105 [c] [1]). It is clear that the graphic art purchased by petitioner falls in neither category and is consequently taxable.

The last issue which needs to be addressed herein is whether petitioner's use of computer time is subject to sales tax. Petitioner rents computer time from another company, Universal Car Loading and Distribution, Inc. (Universal). Petitioner sends its employee to operate the computer. When the computer is used by Universal at the same time, petitioner is charged one half the fee. At times petitioner is ordered to stop its use of Universal's computer when Universal has need of it. Respondent found that petitioner's use of the computer was subject to sales tax and, after an audit, issued a notice of deficiency.

Petitioner contends that it is not subject to a sales tax for use of the computer, relying on 20 NYCRR 526.7 (e) (4) and (5). We disagree. Petitioner's use of Universal's computer is a transfer of possession within the definition given by the regulations. Merely because Universal may cease petitioner's use of the computer does not change the character of the transfer of possession which occurs on the use thereof by petitioner's employee.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.