In the Matter of WILLIAM O. ALLEN, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, March 12, 1987

**APPEARANCES OF COUNSEL**

*Saltzman & Holloran (Michael I. Saltzman* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *Wayne L. Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Petitioner was the executive director of Arthur C. Logan Hospital (originally known as Knickerbocker Hospital) from 1972 to 1978. The hospital, located in Harlem, New York City, served mostly a poor black community and employed approximately 90 people. In the early 1970s the hospital began to experience financial difficulties due to the fact that the Medicare and Medicaid receipts, its main source of income, were always substantially less than its actual operating costs. Thus, it became financially impossible to cover all the operating expenses. Beginning in 1974, the hospital fell into arrears with respect to the withholding taxes owed the Federal Government, the State and the City of New York. Thereafter, its withholding tax obligations were never current. In October 1976, the hospital filed a petition for reorganization under Bankruptcy Act (11 USC) chapter 11, and in 1978 was finally closed.

During its operation, the bylaws detailed the duties of petitioner as executive director. He was responsible for the hiring and firing of hospital employees, the purchasing of hospital supplies, and the keeping of accurate accounts of all moneys. Petitioner was also a signatory on the hospital's bank account, with authorization to issue checks up to $3,000 on his

signature alone and checks larger in amount if cosigned by a member of the board of trustees. Payroll checks were machine signed with petitioner's signature. In 1974, petitioner's authority was expanded to include advising the board of trustees on the formation of policies as well as serving as a voting member of that board.

■ Petitioner seeks in this proceeding to annul a notice and two statements of deficiency issued by respondent in February of 1977, which charged petitioner as a responsible person with willfully failing to collect and pay over employee withholding taxes to respondent for the years 1974, 1975 and 1976 in the amounts of $237,231.97, $430,788.78 and $352,313.33, respectively, plus the due and unpaid New York City withholding tax for 1976 in the amount of $99,796.01. Upon petitioner's request for redetermination, respondent conducted a hearing after which respondent denied petitioner relief from personal liability, while granting such relief to the hospital's comptroller, who was petitioner's subordinate. Petitioner complains that the penalty, in an amount equal to the withholding taxes owed by the now defunct hospital to the State, imposed on him personally is unwarranted. We disagree.

The responsibility to collect and pay over withholding taxes within the terms of Tax Law § 685 (g) and (n) is a factual determination requiring consideration of various factors *(Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528). Here, petitioner was authorized to sign checks on behalf of the corporation, and he exercised significant control over payroll and staffing matters. He had previously authorized payment of $400,000 to the Internal Revenue Service for unpaid Federal withholding taxes, and petitioner could, therefore, be held personally subject to the tax penalty *(Cooper v United States,* 539 F Supp 117, 120, *affd without opn* 705 F2d 442). This determination is fortified by the minutes of a 1974 meeting of the board of trustees which instructed petitioner to give "first priority to payment of taxes and payroll related matters". Petitioner was properly considered by respondent as a "person" within the meaning of Tax Law § 685 (g) and (n) and petitioner has failed to show any impropriety of the tax assessment *(see, Matter of MacLean v State Tax Commn.,* 69 AD2d 951, 952, *affd* 49 NY2d 920). In the circumstances, the determination of respondent, while seemingly harsh, is rational *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193). Petitioner's reliance on *Matter of Rosenblatt v New York State Tax Commn.* (68 NY2d 775, *revg on dissenting*

*in part opn below* 114 AD2d 127 132) is misplaced. The comptroller found liable in *Rosenblatt* had significant control over preparation of tax returns but not the payroll department. Here, petitioner had significant responsibility over all of the hospital's financial affairs and its comptroller was his subordinate. In our view, *Rosenblatt* supports respondent's determination. Additionally, petitioner's conduct was rationally considered "willful", defined in *Matter of Levin v Gallman* (42 NY2d 32, 34) as "only something more than accidental nonpayment".

Finally, petitioner argues that the proof at the administrative hearing demonstrated that Medicaid and Medicare reimbursements constituted 85% of the hospital's revenue and were insufficient to permit the hospital to pay both its operating costs and tax obligations without public funding. Petitioner claims that the failure of the State to provide such public funding releases him from personal liability.

■ However, it must be noted that Tax Law § 685 (g) invests respondent with "the power, in its discretion, to waive, reduce or compromise any penalty under this subsection". Petitioner requested that respondent exercise this discretionary power, but based upon its view of the legislative history of the amendment adding the provision to Tax Law § 685 (g), respondent concluded that it has the discretionary power to waive, reduce or compromise the penalty only where the full tax due and owing has been collected. Respondent's conclusion is erroneous, for the statutory provision plainly, unambiguously and unconditionally authorizes respondent "to waive, reduce or compromise *any* penalty" (Tax Law § 685 [g]; emphasis supplied). Since the legislative intent of the provision is apparent from its face, there is no need to look to legislative history to create an ambiguity where none exists *(compare, Sega v State of New York,* 60 NY2d 183, *with Ferres v City of New Rochelle,* 68 NY2d 446). It is also significant that respondent's attempt to link its discretionary power under the penalty provision of the Tax Law with the collection of tax due and owing is in direct conflict with the principle that the penalty is separate and independent of the liability for unpaid taxes *(Matter of Yellin v New York State Tax Commn.,* 81 AD2d 196, 198). We conclude, therefore, that respondent erred in refusing to consider petitioner's request that it exercise its discretionary power to waive, reduce or compromise the penalty. The matter must be remitted to respondent for a determination as to how it will exercise its discretion, and to

provide the necessary rationale for its decision, together with the various factors considered by respondent in making that decision.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith.