◼ In the Matter of PAUL YANOWICZ & LEON H. CHARNEY, a Joint Venture, Petitioner, v DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents.— Mikoll, J.

Petitioner alleges that, pursuant to Tax Law § 1443 (6), it was entitled to an exemption from the real property transfer gains tax *(see,* Tax Law § 1441) because the purchase contract for the pending transfer of certain real property it owned had been executed before March 28, 1983, the effective date of Tax Law article 31-B. In May 1983, petitioner sought the issuance of a "zero tentative assessment" from the Audit Division of respondent Department of Taxation and Finance. The Audit Division refused the request and assessed a real property transfer gains tax of $75,150, which petitioner paid at a closing on August 19, 1983.

Petitioner then requested a refund of $41,153.70 (since $33,966.30 had already been returned on other grounds). The Audit Division denied this refund request because the effective date of the contract was later than that of Tax Law article 31-

B. A hearing was held at which petitioner submitted a letter from Robert A. Rubenfeld, a lawyer in the office of Leon H. Charney, one of the sellers of the property in question. It stated that Rubenfeld held in escrow two contracts of sale with an April 4, 1983 effective date and a $50,000 deposit check and that the buyer had until April 4, 1983 to inspect the property and cancel the contract. Petitioner also furnished affidavits of Paul Yanowicz, another seller of the property, and of Sheldon Reiter, the buyer's attorney, and, after the hearing, a letter from an engineer stating that he had inspected the property for the buyer on March 28, 1983. Both Howard P. Sturman, president of the purchaser, W.H.B. Properties, Inc., and Rubenfeld testified that the date upon which the contract was executed was March 25, 1983 and that only the buyer had a cancellation option.

Respondent State Tax Commission sustained the Audit Division's denial of petitioner's refund claim. The Tax Commission found that the contract, which was not recorded, and the deposit check were dated April 4, 1983, subsequent to the effective date of Tax Law article 31-B. The Tax Commission also found that the affidavits of Yanowicz, Sturman and Reiter, the letters of Rubenfeld and the inspector, and the testimony of Sturman and Rubenfeld did not constitute "independent evidence", within the meaning of Tax Law § 1443 (6), that the contract of sale was executed on or before March 28, 1983. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to this court.

The determination of the Tax Commission should be confirmed and the petition dismissed. The Tax Commission rationally determined that petitioner failed to establish by independent evidence, within the meaning of Tax Law § 1443 (6), that it had executed a contract for the sale of certain real property on or before March 28, 1983.

The statute does not define "independent evidence". However, 20 NYCRR 590.20 provides some evidence of what the Legislature intended these words to convey by explaining that the Tax Commission's

"discretion is to be guided by the two examples set forth in the law, namely the payment of a deposit or the recording of the contract * * *

"[which convey] a sense of binding action by the parties, above and beyond the signing of a contract".

In *Matter of Old Nut Co. v New York State Tax Commn.* (126 AD2d 869, *lv denied* 69 NY2d 609), this court rejected the

petitioner's argument that any evidence "independent" of the recital in the contract itself of its execution date is sufficient. It upheld as rational the Tax Commission's requirement of "objectively verifiable corroboration" of the execution date, independent of the self-serving testimony of parties to the transaction or persons under their control *(supra,* at 870-871).

Statutes creating a tax exemption must be strictly and narrowly construed, and the taxpayer bears the burden of proving entitlement *(Matter of Estate of Dworetz v State Tax Commn.,* 128 AD2d 946, *lv denied* 69 NY2d 612). Petitioner limits its brief to the argument that the escrow agreement of March 25, 1983 constitutes independent evidence since it bound the seller, the party potentially liable for a real property gains tax, to the terms of the April 4, 1983 contract of sale. Only the buyer could opt out of the deal.

We need not reach this independent evidence issue since such proof presupposes the existence of a contract dated on or before March 28, 1983, the execution date which needs to be corroborated. A contract reciting a date of March 28, 1983 or before is a prerequisite to a consideration of independent evidence *(see, Matter of Old Nut Co. v New York State Tax Commn., supra,* at 870-871).

In any event, the escrow agreement of March 25, 1983 is not sufficient to constitute the independent evidence required by Tax Law article 31-B. Rubenfeld's escrow letter may be "objectively verifiable", but it does not bind both parties to the transaction prior to the contract and deposit check date of April 4, 1983. The relevant regulation, 20 NYCRR 590.20, refers to external evidence of the "parties" (plural) committing or binding themselves. Petitioner has failed to demonstrate that its interpretation of Tax Law § 1443 (6) was the only reasonable one *(see, Matter of Estate of Dworetz v State Tax Commn., supra,* at 947). Thus, the Tax Commission's denial of the request for a tax exemption must be upheld as rational.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.