OPINION OF THE COURT
Thomas F. McGowan, J.
Plaintiff, Westwood Pharmaceuticals, Inc., commenced this action to obtain a declaration that the information provided to it by A. C. Nielsen is excluded from taxation pursuant to Tax Law § 1105 (c) (1). It now seeks summary judgment.
Section 1105 provides for the imposition of a 4% sales tax upon:
"(c) The receipts from every sale, except for resale, of the following services:
"(1) The furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons, but excluding the furnishing of information which is personal or individual in nature and which is not or may not be substantially incorporated in reports furnished to other persons”.
Westwood Pharmaceuticals claims that the information services provided to it by A. C. Nielsen is properly excluded from sales tax on the grounds that it is of a personal, individual nature and is not or may not be substantially incorporated in reports provided to other Nielsen clients. The Department of Taxation and Finance, in turn, argues that the information services provided by Nielsen to Westwood is subject to taxation because it is derived from the same common database from which Nielsen prepares analogous reports for its other clients and so is not uniquely personal or individual in nature.
A caveat regarding the court’s role in this matter is in order. Plaintiff contends that the common-source rule advanced by the Department of Taxation and Finance and adopted by the Third Department in Matter of Towne-Oller & Assocs. v State Tax Commn. (120 AD2d 873) and Matter of Rich Prods. Corp. v Chu (132 AD2d 175) is an attempt by the Department to rewrite section 1105 (c) (1) so that it might tax services not previously subject to taxation. Be that as it may, and it may be that Westwood is correct (see, Brown, 1988 Survey of New York Law: State Taxation, 40 Syracuse L Rev 573, 580-581), the position of this court in the judicial system *496 requires that, in the absence of a contrary ruling by the Court of Appeals or the Fourth Department, it apply the law as developed by the Third Department (Mountain View Coach Lines v Storms, 102 AD2d 663, 664; Kirby v Rouselle Corp., 108 Misc 2d 291, 296).
The issue, then, is not what section 1105 (c) (1) means. It is, rather, whether the information provided by Nielsen differs in kind from that found subject to taxation in Towne-Oller (supra) and Rich Prods, (supra).
Towne-Oller (supra) involved a CPLR article 78 challenge to a determination by the State Tax Commission that reports prepared by the petitioner for clients who sold health and beauty products were subject to taxation under section 1105 (c) (1). Towne-Oller urged annulment of the Commission’s determination on the grounds that the information provided to its clients was personalized and not included in reports to others (120 AD2d, at 873, supra).
The Third Department disagreed. In confirming the determination, it found that the reports were culled from a common database, contained general information, and were only somewhat customized. Such reports were not sufficiently personal or individual in nature to come within the exclusion (supra, at 874).
In Matter of Rich Prods. Corp. v Chu (132 AD2d 175, supra), the Third Department invoked the Towne-Oller (supra) common-database rule to confirm the taxability of the services provided to Rich by Selling Areas Marketing, Inc. (SAMI). Rich argued that because the information provided by SAMI regarding grocery products was customized to the needs of each client, and because duplication of all or part of one report in that prepared for another client was mathematically impossible, SAMI’s reports satisfied both prongs of the section’s exclusion (supra, at 177).
As in Towne-Oller (supra), the Third Department confirmed the determination. It held that because the reports were generated from a widely accessible common database, the unlikeliness of duplication or that the reports were somewhat customized was not sufficient to bring SAMI’s services within the exclusion (supra, at 177-178).
Buoyed by the Third Department’s endorsement of its common-database rule, the Department of Taxation and Finance asserts that the case law just reviewed requires the determination that the services provided to Westwood by *497 A. C. Nielsen are subject to taxation under section 1105 (c) (1). The argument presumes that Nielsen’s reports are similar in kind to those held to be taxable in Towne-Oller (supra) and Rich Prods, (supra). It is here that the Department’s argument founders.
Unrebutted evidence submitted by Westwood indicates that here, contrary to the Towne-Oller and Rich Prods, cases (supra), the reports are not generated from a widely accessible common database. Rather, they are constructed from a confidential database, which, in essence, a sui generis statistical model, tailored to Westwood’s specifications. In other words, the reports are generated, not from information collected in the field, but from information developed by Nielsen for Westwood.
Further, again contrary to the Towne-Oller and Rich Prods. facts, the raw data is confidential. It can be accessed only by Nielsen, and is never provided to clients.
Finally, Nielsen’s reports are entirely customized, wholly personal to the client. This is in sharp contrast with those in Towne-Oller (120 AD2d 873, supra) and Rich Prods. (132 AD2d 175, supra) which were only customized in certain respects.
It is the determination of this court that the information developed for Westwood by Nielsen is as personal and individual in nature as the insurance investigation reports found not to be subject to taxation in Matter of New York Life Ins. Co. v State Tax Commn. (80 AD2d 675, affd on opn below 55 NY2d 758). Further, such information is not, and may not be, substantially incorporated in reports developed for other Nielsen clients. Westwood has demonstrated that the information services provided by Nielsen are not taxable under Tax Law § 1105 (c) (1), and, therefore, is entitled to judgment as a matter of law (CPLR 3212 [b]; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067).