■ In the Matter of FRIESCH-GRONINGSCHE HYPOTHEEKBANK REALTY CREDIT CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.— Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a franchise tax assessment imposed under Tax Law articles 9-A and 27.

This case concerns an alleged deficiency due for 1984 from petitioner pursuant to Tax Law article 9-A. Respondent Tax Appeals Tribunal (hereinafter respondent) refused to allow deduction from income of interest payments made by petitioner to its parent corporation on moneys the parent corporation had borrowed from an unrelated lender and which were then lent to petitioner. It is petitioner's contention that the parent's role as a conduit should be disregarded and that it should be credited with the interest payments as a deduction from net income.

The statutory basis for the issue involves Tax Law § 208 (former [9] [b]) which states: "Entire net income shall be determined without the exclusion, deduction or credit of: * * * (5)

---

ninety per centum of interest on indebtedness directly or indirectly owed to any stockholder or shareholder (including subsidiaries of a corporate stockholder or shareholder), or members of the immediate family of an individual stockholder or shareholder, owning in the aggregate in excess of five per centum of the issued capital stock of the taxpayer".*

Petitioner is engaged in the business of mortgage lending. Its parent corporation, Friesch-Groningsche Hypotheekbank N.V., owned 90% of petitioner's issued and outstanding stock from its inception until September 1982. Another corporation, FGH-Finance N.V., whose stock is entirely owned by petitioner's parent, was formed for the purpose of providing financing to the parent company and its affiliates. From 1981 through 1984, FGH-Finance borrowed funds from independent banks and other lending sources, some of which were lent to petitioner. These funds were subsequently loaned by petitioner to others.

On April 11, 1988, the Department of Taxation and Finance issued to petitioner notices of deficiency in the amount of $723,088 and $122,925, plus interest and penalties. Of these deficiencies, $694,355 and $118,040, respectively, are attributable to an audit adjustment adding to entire net income 90% of interest paid or accrued by petitioner during the first eight months of 1984. The difference of $33,618 is conceded not to be in issue. Both parties have stipulated that the conduit criteria set forth in two advisory opinions issued by the former State Tax Commission (TSB-H-81 [20] C; TSB-H-81 [21] C) have been met for 1984.

The Department had a longstanding policy of recognizing an exception to the addback requirement of Tax Law § 208 (former [9] [b] [5]). Where a stockholder of a corporation borrowed money from an unrelated source, and subsequently lent the borrowed funds to such corporation, some or all of the interest paid to such stockholder by that corporation was deemed to have been paid merely as a conduit, and the addback provisions of Tax Law § 208 (former [9] [b] [5]) were not applied. Recognition of the conduit exception began in the 1950s and was originally limited to a finance company and its subsidiary.

On audit, petitioner was allowed the benefit of the conduit theory deduction for 1982 and 1983 but it was disallowed by the Department for a period commencing January 1, 1984. After petitioner sought redetermination and a determination

---

* Tax Law § 208 (9) (b) (5) was repealed by the Laws of 1987 (ch 817, § 14).

was ultimately made by the Division of Tax Appeals, respondent modified the determination of the Division of Tax Appeals to sustain so much of the asserted deficiency as resulted from interest paid or accrued after April 1, 1984 when the publication of TSB-M-83 (24) C, which disallowed use of the conduit theory, became effective.

On this proceeding, petitioner contends that respondent's interpretation of Tax Law § 208 (former [9] [b] [5]) was irrational. We note, prefactorily, that petitioner bears the burden of establishing entitlement to a deduction *(see, Matter of Marriott Family Rests. v Tax Appeals Tribunal,* 174 AD2d 805, 806, *lv denied* 78 NY2d 863). Tax Law § 208 (former [9] [b] [5]) was absolute on its face and allowed only enumerated exceptions not including the one in issue here. Respondent's disallowance of a deduction to petitioner on the conduit theory was in accordance with the form of the transaction. Such interpretation is rational *(see, Matter of Morton & Co. v New York State Tax Commn.,* 91 AD2d 1080, 1081-1082, *affd* 59 NY2d 690; *see also, Matter of Abrams v Chu,* 124 AD2d 30, 35). Petitioner urges that legislative history indicates that the substance rather than the form of the transaction should be considered. Where the interpretation is based upon the plain language of the statute and in the absence of ambiguity on its face, resort to legislative history would be inappropriate *(Matter of Allen v State Tax Commn.,* 126 AD2d 51, 54). We find petitioner's legislative historical references to no avail.

Petitioner contends that the promulgation by the Department of TSB-M-83 (24) C was ineffective to change the longstanding policy of the Department regarding conduit theory deductions. Taxpayers are entitled to rely upon longstanding policies of the Department *(see, Matter of Howard Johnson Co. v State Tax Commn.,* 65 NY2d 726, 727) unless and until the Department prospectively changes the policy *(see, Matter of National Elevator Indus. v New York State Tax Commn.,* 49 NY2d 538, 547-548). Respondent held that TSB-M-83 (24) C was a "statement[ ] of general policy which in [itself had] no legal effect but [rather was] merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]). Respondent held that the publication was an adequate vehicle to announce a change in Department policy made pursuant to the authority of the Department to prospectively change policy or reassess prior statutory interpretations *(see, Matter of National Elevator Indus. v New York State Tax Commn., supra,* at 547-548). Respondent also found that the date of the policy change should coincide with the first general circulation of TSB-M-83

(24) C, i.e., April 1, 1984. Respondent's conclusions are in this respect rational and should not be disturbed.

Petitioner contends that respondent improperly failed to address an alternative basis supporting its deduction of interest expenses set forth as such in its petition before the Division of Tax Appeals. We find that petitioner failed to raise such alternative basis for relief before respondent and, further, contrary to petitioner's assertion, that such was not set out as a separate basis for relief in the petition before the Division of Tax Appeals. We therefore deem the issue waived.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

