In the Matter of ADP AUTOMOTIVE CLAIMS SERVICES, INC., Formerly Known as ADP COLLISION ESTIMATING SERVICES, INC., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, March 4, 1993

### APPEARANCES OF COUNSEL

*Morrison & Foerster,* New York City *(Arthur R. Rosen, Saul Heckelman* and *Craig B. Fields* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance, respondent.

### OPINION OF THE COURT

MAHONEY, J.

Petitioner operates a computer-generated information service known as Audatex which, among other things, assists its customers (predominantly insurance companies and automotive repair shops) in the preparation of automobile damage appraisals. The process works as follows. An appraiser employed by the customer performs an actual inspection of the damaged vehicle, fills out an Audatex worksheet listing the vehicle's make, model and year, identifying the damaged parts, indicating whether the damaged parts can be repaired

or must be replaced[1] and delineating the hourly labor rate. This worksheet is then transmitted to Audatex. Upon receipt, the Audatex computer, which contains a database of descriptions, stock numbers and prices of manufacturers' parts and estimated installation times, automatically "looks up" the parts, pricing and labor times, eliminates labor time attributable to included operations or overlap,[2] adds this information to the worksheet, performs the necessary mathematical calculations and generates a cost estimate for repair of the damage. This estimate is then transmitted to the customer.

While it is undisputed that the cost estimate can be prepared manually inasmuch as information contained on the Audatex computer regarding description, number, price and estimated labor time is readily available in widely circulated publications such as the Crash Estimating Guide, petitioner's service is attractive because it eliminates the necessity of having to look up the cost of each particular part, the labor time and having to determine how much, if any, of the labor time must be eliminated as an included operation or overlap. In addition, it reduces mathematical calculation errors and increases appraiser productivity by freeing them up to inspect more vehicles. In addition to the foregoing service, Audatex also offers management reports to its insurance company customers. These reports contain statistical breakdowns of the cost estimates Audatex has prepared for a particular customer and are used by the customer to compare the relative efficiency of its various appraisers.

In 1985, the Department of Taxation and Finance conducted an audit of petitioner and concluded that because the cost estimate reports were generated from a common data bank which was not confidential and was widely accessible, they and the management reports constituted taxable information services within the meaning of Tax Law § 1105 (c) (1). Accordingly, it issued three notices of determination covering the period September 1, 1982 to November 30, 1986 seeking past

1. If the appraiser indicates the damaged parts can be repaired, he or she must note on the worksheet the nature of the repair and the time it will take. In addition, if the appraiser feels that the damaged part need not be replaced with a new part purchased from the vehicle's manufacturer, it must be so specified on the worksheet and the price of the alternative part noted thereon.

2. Included operations are those that are part of another task for which the same work will be performed. Overlap refers to a single task that need be performed only once in order to accomplish two separate repairs.

due sales taxes and interest totaling approximately $489,000. The notices of determination were upheld by the Division of Tax Appeals and respondent Tax Appeals Tribunal, prompting petitioner to seek review here.

◼ Under Tax Law § 1105 (c) (1), the "furnishing of information * * * including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons" is subject to sales tax. This rule is subject to exception, however, in situations where, *inter alia,* the information furnished "is personal or individual in nature and * * * is not or may not be substantially incorporated in reports furnished to other persons" (Tax Law § 1105 [c] [1]). Here, petitioner urges that neither the cost estimates nor the management reports qualify as information services within the meaning of Tax Law § 1105 (c) (1) and, even if they do, they meet both necessary elements of the exclusion. We disagree.

Addressing first the cost estimate service, because Audatex simply does not convert the information received from the appraisers from one form into another but affirmatively analyzes it, adds information regarding cost and labor time and generates a report which contains intelligence that the customer did not have originally, there can be little doubt but that this service falls within the definition of information services upheld in *Matter of Finserv Computer Corp. v Tully* (94 AD2d 197, 198-199, *affd on opn below* 61 NY2d 947). It is likewise evident that this service lacks the characteristics necessary to qualify for the exclusion. While, admittedly, the cost estimates are customized to each particular situation, it is now clear that this is not the sole determinative factor by which the status of a service as personal or individual in nature is measured *(see, Matter of Rich Prods. Corp. v Chu,* 132 AD2d 175, *lv denied* 72 NY2d 802). Rather, in situations where, as here, the provided service comes from a common source or a data repository that is not confidential and is widely accessible, we have consistently held it not to be personal or individual in nature *(see, supra; Matter of Towne-Oller & Assocs. v State Tax Commn.,* 120 AD2d 873). This is so regardless of whether the information culled from the database and provided to the customer is customized in some fashion to respond to the raw data he or she submits *(supra).* Here, however petitioner may classify it, the information it *sells* (i.e., labor hours and parts pricing) comes from widely accessible sources. Based upon the foregoing authority, the

fact that it may use or apply this information differently based upon the raw data submitted by the customer is insufficient, standing alone, to render the information personal or individual in nature.

■ We also note at this juncture that petitioner's reliance on *Example* 2 to 20 NYCRR 527.3 (b) (2) as a corollary basis in support of its argument for exclusion of the cost estimates is misplaced. That example suggests that "[a]utomobile insurance damage appraisals performed for insurance companies are individual reports" and thus excluded from taxation. Even assuming that petitioner's cost estimates are automobile insurance damage appraisals (a dubious assumption since Audatex does not perform the appraisal but only provides generally available cost information to expedite the process), it is well established that illustrative examples are entitled to little judicial deference, especially in situations such as this where case law interpreting a statutory provision which has been handed down after inclusion of the example makes clear that the subject action is not within the contemplation of the statutory exclusion *(see, Matter of St. Joe Resources Co. v New York State Tax Commn.,* 132 AD2d 98, 102, *revd on other grounds* 72 NY2d 943; *see also, Matter of Cecos Intl. v State Tax Commn.,* 71 NY2d 934).

■ As regards the taxability of petitioner's management reports, a review of the record reveals that the issue of their taxability was not raised by petitioner in its initial application to the Division of Tax Appeals seeking revision of the notices of determination or in its subsequent exceptions to the Administrative Law Judge's determination. While we recently have recognized that such failure operates to foreclose review of these subjects *(see, Matter of Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Tax Appeals Tribunal,* 185 AD2d 466, *lv denied* 80 NY2d 761), we note in passing that respondents' finding that petitioner failed to introduce evidence to satisfy its burden of proving that these reports were entitled to the statutory exclusion is supported by the record *(see, Matter of Yanowicz & Charney v Department of Taxation & Fin.,* 140 AD2d 866). A reading thereof establishes that the issue was never truly developed and apparently was abandoned. In any event, petitioner has utterly failed to submit any substantiation as to what portion of the notices of determination was attributable to the sale of management reports so as to support a modification of the assessment based upon their asserted nontaxability.

We have reviewed petitioner's remaining contentions and find them to be without merit.

WEISS, P. J., LEVINE, CASEY and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.