OPINION OF THE COURT
Jasen, J.
Defendant Evsam Parking, Inc., sold its liquor store and business to plaintiff Harcel Liquors, Inc., in a bulk sale. In conjunction with the sale which occurred on February 28, 1974, defendant Samuel Karpoff, president of Evsam, submitted an affidavit that "the corporation is not indebted to any one and has no creditors”. Plaintiff, however, did not inform the State Tax Commission of the proposed sale before taking possession as required by law. (Tax Law, § 1141, subd [c].)
The commission ultimately learned of the sale some nine months after it took place, and undertook an audit of the seller’s books and records which were in plaintiff’s possession. After audit, plaintiff was notified by the commission that sales and use taxes in the amount of $6,216.23 had been determined to be owing from the seller for the period from February 29, 1972 to February 28, 1974. The notice stated further that plaintiff, as purchaser of the business, was liable for such back taxes under subdivision (c) of section 1141 of the Tax Law.
Thereafter, plaintiff commenced the instant action seeking —as far as is pertinent to this appeal — a declaration as to its liability for the taxes claimed to be payable under subdivision (c) of section 1141 of the Tax Law and an injunction permanently enjoining the commission from collecting such taxes.
A fair reading of the complaint reveals that plaintiff takes the position that subdivision (c) of section 1141 of the Tax Law cannot be construed as imposing liability for taxes owed by the seller upon a purchaser in a bulk sale, where the purchaser has relied upon an affidavit of the seller stating that the corporation, which is the subject of the sale, is free from debt and has no creditors. If plaintiff’s position is correct, it would be entitled to the relief sought despite its admitted failure to exhaust the administrative remedies set forth in section 1138 of the Tax Law which provide for the review of a tax assessment. (See, e.g., Slater v Gallman, 38 NY2d 1, 3-4; Matter of First Nat. City Bank v City of New York, 36 NY2d *507 87, 92-93; Richfield Oil Corp. v City of Syracuse, 287 NY 234, 239.) If incorrect, plaintiff’s complaint as against the commission must be dismissed due to its failure to exhaust administrative remedies. (See, e.g., Slater v Gallman, 38 NY2d, at pp 3-4, supra; Richfield Oil Corp. v City of Syracuse, 287 NY, at pp 238-239, supra; Peters v State Tax Comm., 18 AD2d 886, affd 13 NY2d 1148; see, also, Tax Law, § 1140 [remedies set forth in sections 1138 and 1139 of the Tax Law shall be "exclusive”].)
We simply cannot accept plaintiff’s contention that the existence of an affidavit from the seller stating that the corporation is "debt free” insulates it from liability under subdivision (c) of section 1141 of the Tax Law. That section provides, in unequivocal terms, that a purchaser who fails to give notice of the proposed sale to the tax commission becomes personally liable for the payment of the seller’s unpaid sales and use taxes to the extent of the purchase price or the fair market value of the assets sold, whichever is higher. (See Arthur Treacher’s Fish & Chips v New York State Tax Comm., 69 AD2d 550, 552-553.) In our opinion, to exempt any purchaser who has failed to comply with the clear notice requirements of this section would work to deprive the State of a means of collecting taxes duly imposed pursuant to the State’s taxing power. Thus, we conclude that the existence of an affidavit from the seller stating that the corporation has no creditors cannot either cure plaintiffs failure to notify the tax commission of the sale as required by law or insulate a purchaser from the liability which attaches due to its failure to follow clearly delineated notice procedures.
Nor does such construction violate any notion of fundamental fairness. Clearly, the State has the right to ensure that there exists a source of funds from which to satisfy its tax claims. By imposing a first priority right and lien on the consideration transferred from purchaser to seller and, further, by making the purchaser personally liable for the payment of taxes due and owing to the extent of the purchase price or fair market value of the assets sold, the State merely preserves its indisputable right to collect taxes which could otherwise be extinguished by the simple expedient of a taxpayer transferring its assets. It must be stressed that the statute provides more than adequate protection to the prospective purchaser who needs only to inform the tax commission of the expected sale in order to protect itself from liability.
*508 Thus, having concluded that subdivision (c) of section 1141 of the Tax Law applies, by its very terms, to plaintiff, the complaint must be dismissed as against respondent New York State Department of Taxation and Finance due to plaintiffs conceded failure to exhaust available administrative remedies to challenge the tax assessment.
Accordingly, the order of the Appellate Division should be affirmed, with costs to respondent New York State Department of Taxation and Finance.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs.