■ JATINDER P. SABHLOK, Appellant, v MICHAEL DANA, Also Known as MICHAEL DIGNELLI, Respondent.—In an action for rescission of a contract, *inter alia*, for the sale of two businesses, plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated July 25, 1984, as, after a nonjury trial, dismissed his complaint and directed him to abide by the terms of the contract.

Judgment affirmed, insofar as appealed from, with costs.

In seeking rescission, plaintiff alleged, *inter alia,* that the defendant had made materially false representations which fraudulently induced him to enter into this contract for the sale of two businesses. Specifically, plaintiff claimed that the defendant falsely asserted that he was the sole owner of the assets of these two businesses, and that the businesses were free from all debts and claims. However, the evidence at trial demonstrated that the defendant was the sole owner of the business assets which were transferred by the purchase contract and bill of sale, and that he had the authority and ability to convey title thereto.

Further, we find that the existence of outstanding sales taxes at the time of the closing does not entitle plaintiff to rescind the contract. The defendant contractually assured plaintiff that any sales tax liabilities outstanding at the time of the closing would be "paid and provided for", and that he would indemnify plaintiff against any and all claims of creditors, provided that prompt notice of the claims was given, along with a reasonable opportunity to pay or defend them. Defendant, in fact, continuously attempted to honor and abide by these contractual provisions, but plaintiff's refusal to continue payments on the promissory notes executed pursuant to the contract prevented him from doing so. The defendant's inability to resolve the outstanding liabilities and to indemnify plaintiff from these claims was, therefore, the direct result of plaintiff's breach. Furthermore, plaintiff's failure to file a notice of bulk sale or transfer as is statutorily required rendered him vicariously liable under Tax Law § 1141 (c) for the unpaid sales taxes up to the amount, *inter alia,* of the purchase price (*Harcel Liqs. v Evsam Parking,* 48 NY2d 503, 507). We note that although plaintiff is statutorily liable for this debt, and that he must continue to honor his commitments as evidenced by the promissory notes, the defendant is contractually required to indemnify plaintiff for the tax liability that was outstanding at the time of closing. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.