OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, plaintiffs cross motion for summary judgment denied, and summary judgment granted to the New York State Department of Taxation and Finance.
 

 To satisfy the State’s lien arising out of the seller’s unpaid sales tax liabilities, a purchaser in bulk of the seller’s business assets is required to pay the State, in addition to the cash consideration otherwise due the seller, an amount equal to the full tax indebtedness of the seller not to exceed the total purchase price consideration or fair market value of business assets sold, whichever is higher (Tax Law § 1141 [c]).
 

 The State Tax Commission, in response to a notice of intention to purchase a business which pays sales tax, informed the purchasers "that a possible claim for such tax or taxes exists, [and] any sums of money, property or choses in action,
 
 or other consideration,
 
 which the purchaser * * * is required to transfer over to the seller * * * shall be subject to a first priority right and lien” by the State (Tax Law § 1141 [c] [emphasis supplied]). The State’s first priority on the whole consideration of the transaction includes imposition of personal liability on the purchaser for the payment of the unpaid sales taxes up "to an amount not in excess of the purchase price or fair market value of the business assets sold, transferred, or assigned”
 
 (id.).
 
 The statutory scheme thus "preserves [the State’s] indisputable right to collect taxes which could otherwise be extinguished by the simple expedient of a taxpayer transferring its assets”
 
 (Harcel Liqs. v Evsam Parking,
 
 48 NY2d 503, 507).
 

 
 *834
 
 The instant interpleader action is brought by an escrowee stakeholder, the purchasers’ attorney, whose clients were discharged and relieved by the lower courts of all sales tax liability on the basis of the directed distribution of only cash held in escrow. This was a mistaken discharge because the full sales tax indebtedness, amounting to less than the purchase price, which included other consideration in addition to the cash in the escrow account, was not yet satisfied. The purchasers had additionally assumed seller Surfside Pizzeria’s personal debt on a promissory note. This relief from obligation constitutes “other consideration” under the tax collection statute. The Tax Commission’s first priority lien over all statutorily designated kinds of consideration must be given effect under the statute lest the structuring of transactions and creative financing be facilely employed to frustrate the collection, after fair notice, of taxes due and owing. Moreover, purchasers have other adequate means in the negotiation of sales agreements to structure their agreeménts to avoid what could otherwise become for them onerous or duplicative payments. Thus, there is no reason to sacrifice the intent and plain reach of this statute to this transaction
 
 (see, e.g.,
 
 Tax Law § 1141 [c]).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.