In the Matter of GIOVANNI VELEZ, Petitioner, v DIVISION OF TAXATION OF THE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Third Department, November 9, 1989

### APPEARANCES OF COUNSEL

*Fotopoulos, Rosenblatt, Green, Frasciello, O'Connor & Gall, P. C. (Dennis J. Gall* and *Gus P. Fotopoulos* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *Wayne L. Benjamin* of counsel), for respondents.

### OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner purchased a grocery store on September 26, 1984 from Jose Munoz but neglected to notify respondent Department of Taxation and Finance of the bulk sale purchase until eight months later, in contravention of Tax Law § 1141 (c). The Department issued notices of claim to both petitioner and Munoz for sales and use taxes past due from the seller; subsequently, it sent them notices of determination and demand for payment of the taxes, together with penalties and interest owed by Munoz totaling $32,968.60, which represented taxes in the amount of $22,500, and interest and penalties of $10,468.60.

On February 12, 1986, petitioner filed a petition protesting the tax assessment. At the conclusion of the proceedings before an Administrative Law Judge and respondent Tax Appeals Tribunal, the tax portion of the assessment was reduced by agreement entered into between petitioner and the Department's Audit Division, but petitioner's request to have the penalty and interest decreased or abated was rejected, prompting petitioner to commence this CPLR article 78 proceeding.

Petitioner does not challenge the tax calculation; rather, he argues that the Department's regulation, 20 NYCRR 537.4 (a), which subjects a bulk sale purchaser to personal liability for sales and use taxes, including penalties and interest, incurred by the seller, is broader than the authority which the Legislature delegated to the Department. Specifically, petitioner maintains that under Tax Law § 1141 (c) a purchaser, though personally liable for taxes the seller owes the State, is not liable for the penalties and interest assessed against the seller. We find petitioner's interpretation persuasive. In doing so, we find respondents' reliance upon decisions of this court permitting the Department to collect interest and penalties from the purchaser misplaced *(see, e.g., Matter of Higgins & McLaughlin v New York State Tax Commn.,* 109 AD2d 1029; *Matter of*

*Long Is. Reliable Corp. v Tax Commn. of Dept. of Taxation & Fin.,* 72 AD2d 826, *lv denied* 49 NY2d 707; *Treacher's Fish & Chips v New York State Tax Commn.,* 69 AD2d 550), for in none of them was the issue presented here directly addressed.

Subdivision (c) of Tax Law § 1141 provides in pertinent part, that "[f]or failure to comply with the provisions of this subdivision the purchaser * * * shall be personally liable for the payment to the state of any such *taxes* theretofore or thereafter determined to be due to the state from the seller" (emphasis supplied). Tax is earlier defined to "include any tax imposed by sections eleven hundred five, or eleven hundred ten [sections specifying the types of situations subject to taxation], and any amount payable to the tax [appeals tribunal] by a person required to file a return, as provided in section eleven hundred thirty-seven [section dictating collection rates and procedures]" (Tax Law § 1131 [3]). The definitional section does not bring penalties and interest within the term "taxes".

Had the Legislature intended to obligate bulk sale purchasers for the penalties and interest as well as the seller's taxes, it was free to draft legislation worded accordingly *(see, Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 209). It is noteworthy in this regard that, in contrast to subdivision (c) of Tax Law § 1141, subdivisions (a) and (b), the immediately preceding subdivisions of that section, expressly refer to "tax, penalty [and] interest". The explicit addition of the words "penalty" and "interest" in these two subdivisions and the omission from subdivision (c) clearly indicates that penalties and interest are not to be included when "taxes" are referred to in subdivision (c). Inasmuch as section 1141 itself "describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that *what is omitted or not included was intended to be omitted or excluded' "(Patrolmen's Benevolent Assn. v City of New York, supra,* at 208-209, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240 [emphasis supplied]).

Nor does examination of the legislative purpose behind the statute lend support to respondents' position. Tax Law § 1141 (c) was designed to ensure that the State's interest in a taxpayer's unsatisfied sales tax liability would not be extinguished or impaired when the taxpayer transferred its business assets in bulk *(see, Harcel Liqs. v Evsam Parking,* 48 NY2d 503, 507). If a purchaser fails to comply with the statute's notice and withholding requirements, the State's rights are protected because the purchaser is saddled with the

seller's tax liability, not necessarily all of it, but to the extent of the fair market value or the purchase price of the business assets sold, whichever is higher *(Spandau v United States,* 73 NY2d 832, 833). The Legislature thus deliberately insulated the noncomplying purchaser from total liability for the seller's failure to pay his taxes, and did so at the State's expense *(see,* Tax Law § 1141 [c]).

Moreover, the State may seek penalties and interest from the purchaser for not paying the derivative tax when due, namely, upon receipt of the notice of determination and demand (Tax Law § 1141 [c]; § 1145 [a]). Additionally, the State may continue to seek payment directly from the seller, together with penalties and interest for his failure to pay the tax when due (Tax Law § 1141 [a], [b], [c]). It seems unlikely that the Legislature intended to hold the purchaser personally liable for the interest and penalties assessed against the seller, when the purchaser is statutorily made responsible for any interest and penalties which accrue by reason of his own failure to timely pay the derivative tax.

Additionally, Tax Law § 1145 (a) (iii) affords those neglecting to pay any tax relief from liability for penalties and excessive interest "due to reasonable cause and not due to willful neglect". It makes little sense to impose liability upon the purchaser for the seller's malfeasance, for the purchaser is then in the difficult position of proving that another's intentions were innocent.

As for respondents' contention that adopting the view we have will encourage noncompliance because it treats those purchasers who notify the Department prior to the bulk sale differently from those who do not, it suffices to note that the only authority indicated for this proposition is the statutory provision under review, and that statutory construction is the court's function *(see, Matter of Rho v Ambach,* 74 NY2d 318, 321). In fact, our holding prohibits the Department from seeking to recover penalties or interest assessed against the seller directly from the purchaser in either situation.

Our analysis of the statute and the purpose underlying it suggests that the Legislature did not intend that a bulk sale purchaser be liable for the penalties and interest assessed against the seller under subdivision (c) of Tax Law § 1141. Because an agency may not promulgate a regulation which is inconsistent with the plain meaning of its delegating statute

or alter statutory language to include situations not embraced within its terms *(Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 595), we conclude that 20 NYCRR 537.4 (a) conflicts with subdivision (c) of Tax Law § 1141 insofar as it permits the Department to recover from the purchaser, transferee or assignee "penalties or interest theretofore or thereafter determined to be due the State from the seller, transferrer or assignor", and to that extent is invalid.

Our disposition makes it unnecessary to reach petitioner's remaining contention.

MAHONEY, P. J., KANE, MIKOLL and MERCURE, JJ., concur.

Determination modified, with costs to petitioner, by annulling so much thereof as directed petitioner to pay interest and penalties assessed against Jose Munoz; matter remitted to respondent Tax Appeals Tribunal for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.