■ SPANCRETE NORTHEAST, INC., Respondent, v JAMES W. WETZLER, Individually and as Commissioner of the Department of Taxation and Finance of the State of New York, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered November 5, 1990 in Albany County, which, inter alia, granted plaintiff's cross motion for summary judgment.

On May 20, 1985, the Department of Taxation and Finance issued to plaintiff two notices of determination and demand for payment of sales and use taxes due in the total amount of $266,806.43, including penalty and interest to the date of the notices. On July 8, 1985, plaintiff filed petitions for administrative review of the assessments and on February 28, 1986 made payment under protest of the full amount demanded in the notices. On March 8, 1990, the Tax Appeals Tribunal issued its final determination sustaining the Department's assessments. Plaintiff did not seek judicial review of the Tribunal's determination. Thereafter, the Department issued a series of notices claiming interest due for the period from May 20, 1985 to February 28, 1986, together with interest accruing daily thereon, and ultimately issued a tax levy and warrant against plaintiff. Plaintiff then commenced this action to declare the assessment null and void as, inter alia, barred by the applicable Statute of Limitations. The parties cross-moved for summary judgment and Supreme Court granted plaintiff's cross motion, determining that the three-year limitations period of CPLR 214 (2) applied, that the Statute of Limitations commenced on February 28, 1986, the date of plaintiff's payment of the amount demanded in the May 20, 1985 notices of determination, and that the Department's 1990 enforcement proceedings were time barred as a result. Defendant appeals.

We reverse. The parties' primary dispute concerns the effect

of Tax Law § 1147 (b)* upon limitations laws governing a proceeding to enforce the collection of interest only. Plaintiff construes the statute strictly, arguing, as Supreme Court found, that it applies only to proceedings to enforce the collection of tax and penalty and, accordingly, that it has no application here. Defendant, on the other hand, argues that the interpretation propounded by plaintiff is irrational and contrary to the clear legislative intent underlying the statutory provision. We agree with defendant. This is, in our view, one of those rare cases where a court may properly depart from a strict literal construction of a statute in favor of a more expansive legislative intent *(see, Riggs v Palmer,* 115 NY 506; McKinney's Cons Laws of NY, Book 1, Statutes § 111; *cf., Matter of Velez v Division of Taxation of Dept. of Taxation & Fin.,* 152 AD2d 87). A proceeding to collect unpaid tax is so logically inseverable from one to collect interest accruing thereon that it would be absurd to exempt the former and not the latter from Statutes of Limitation which would otherwise apply. Consistent with this view, Tax Law § 1145 (a) (7) provides that "penalties and interest [on unpaid sales and use taxes] may be determined, assessed, collected and enforced in the same manner as the tax imposed by [Tax Law article 28]". Further, no rational basis exists for limiting a claim for interest and not one for a penalty which has accrued on the very same tax liability *(compare,* Tax Law § 1145 [a] [1] [i], *with* Tax Law § 1145 [a] [1] [ii]). If anything, the Legislature has shown a greater concern in collecting interest than in collecting penalties. Although defendant may remit all penalties for good cause shown, it has no discretion to remit the first 6% of interest imposed *(see,* Tax Law § 1142 [2], [9]; § 1145 [a] [1] [iii]).

Our decision in *Matter of Velez v Division of Taxation of Dept. of Taxation & Fin. (supra,* at 88) does not compel a contrary result. That case dealt with a bulk sale purchaser's limited personal *liability* for payment of sales and use taxes assessed against the seller and was specifically distinguished from prior decisions involving the *collection* of penalties and, as here, interest. We also reject the contention that the three-year Statute of Limitations of Tax Law § 1147 (b) applies. This

---

* Tax Law § 1147 (b) provides in pertinent part that "[t]he provisions of the [CPLR] or any other law relative to limitations of time for the enforcement of a civil remedy shall not apply to any proceeding or action taken by the state or the tax commission to levy, appraise, assess, determine or enforce the collection of any *tax or penalty* provided by [Tax Law article 28]" (emphasis supplied).

is not an "assessment of additional tax". Moreover, because plaintiff's tax liability was not finally fixed until the determination of plaintiff's administrative appeal (see, Tax Law § 1138 [a] [1]; § 2016), if the three-year Statute of Limitations of CPLR 214 (2) did apply, the limitations period did not begin to run until the Tribunal's March 8, 1990 final determination (cf., Matter of Corbisiero v New York State Tax Commn., 82 AD2d 990, affd 56 NY2d 680).

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.