■ In the Matter of 550 CENTRAL AVENUE DELI CORPORATION, Respondent, v COMMISSIONER OF TAXATION AND FINANCE et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered June 27, 1991 in Albany County, which, *inter alia,* converted an application, brought pursuant to CPLR article 78, into an action for moneys had and received.

Petitioner purchased an ongoing business in February 1982 subject to Tax Law § 1141 (c) as a bulk sale. Respondent Department of Taxation and Finance issued a notice of determination and demand for payment of sales and use taxes to petitioner in May 1982 in the total amount of $73,432.75, including penalties and interest. Petitioner neither paid nor filed an administrative objection to the tax, prompting the Department to issue a warrant against petitioner in October 1985. Following an assessment review, the assessment against petitioner was adjusted from $97,841.71 to $94,955.67. Petitioner again failed to seek administrative review and at no time challenged the imposition of penalties and interest against it. Instead, petitioner commenced payment of the sum due under the modified assessment and had paid $95,493.17 by April 5, 1988.

On November 9, 1989, this Court issued its decision in *Matter of Velez v Division of Taxation of Dept. of Taxation & Fin.* (152 AD2d 87) and held that the definition of "taxes" in Tax Law § 1141 (c) did not include interest and penalties *(supra,* at 89). Petitioner then, in light of *Velez,* sought a refund of $56,527.05, the amount it claimed was the sum of interest and penalty charges illegally assessed against it. The Department rejected petitioner's application as untimely and petitioner commenced this proceeding in August 1990. Supreme Court denied respondents' motion to dismiss, converted the CPLR article 78 proceeding into an action for moneys had and received, recast the petition as a complaint and directed respondents to answer or otherwise move with respect to said complaint. Respondents appeal.

Initially, we note that the Legislature has set forth in unambiguous terms the parameters for seeking refunds of sales and use taxes in Tax Law §§ 1138, 1139 and 1140. Pursuant to section 1138 (a) (3) (A), a bulk sale purchaser's liability for taxes owed by the seller are "finally and irrevocably fixed" unless the purchaser applies for a hearing within 90 days of the issuance of notice of liability by the Department. Section 1139 (a) (iii) provides that a bulk sale purchaser who has paid taxes under section 1141 (c) must file an application for a refund within two years after notice of tax liability. These provisions reflect a clear legislative intent to narrow the opportunity for administrative and court review, and further the important public policy that demands that challenges to State revenue practices be raised promptly and pursued diligently to protect the integrity of the public fisc (see, Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 426-427).

In our view, petitioner has failed to raise a claim which warranted a judgment excusing its failure to exhaust administrative remedies (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). The claim articulated in Velez, and relied upon in this case, raised a question of statutory interpretation, i.e., whether a Department regulation correctly interpreted the term "taxes * * * due to the state from the seller" in Tax Law § 1141 (c) to include penalties and interest owed by the bulk seller in assessments against the bulk purchaser (Matter of Velez v Division of Taxation of Dept. of Taxation & Fin., supra, at 88 [emphasis omitted]). The nature of this legal query is far removed from an attack upon a statute as unconstitutional or wholly inapplicable and does not provide a sufficient basis for conversion of this proceeding into an action for moneys had and received. The claim in Velez, in fact, was pursued through normal administrative channels. Clearly, petitioner cannot claim that this matter lies wholly outside the jurisdiction of the Department, excusing petitioner's failure to exhaust administrative remedies (see, Watergate II Apts. v Buffalo Sewer Auth., supra; see also, Davidson v Rochester Tel. Corp., 163 AD2d 800, 802, lv denied 76 NY2d 714; cf., Horner v State of New York, 107 AD2d 64; Matter of Hospital Tel. Sys. v New York State Tax Commn., 41 AD2d 576).

Even if petitioner had raised a claim which permitted Supreme Court to overlook its failure to exhaust administrative remedies and to abide by statutory exclusive remedy provisions, Supreme Court erred in treating this proceeding as

an action for moneys had and received. An essential element of such an action, payment of the tax in question under protest or duress, is entirely lacking here *(see, Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, *supra; cf., Matter of Al Tech Specialty Steel Corp. v New York State Dept. of Taxation & Fin.,* 130 AD2d 84, 88, *lv denied* 70 NY2d 612). While protest is not required in cases where tax payments are made under duress, such duress exists only "where present liberty of person or immediate possession of needful goods is threatened by nonpayment of the money exacted" *(Mercury Mach. Importing Corp. v City of New York, supra,* at 425; *see, City of Rochester v Chiarella,* 58 NY2d 316, 323, *cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester,* 464 US 828). Here, there is no basis whatsoever for concluding, as Supreme Court did, that petitioner paid the taxes for which it now seeks a refund under duress.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.