SMALL, J.T.C.
In this ease the court holds that a person who acquires assets by way of a deed in lieu of foreclosure and a bill of sale, and who fails to give notice to the Director of the Division of Taxation under N.J.S.A. 54:32B-22(c), is liable for the sales and use tax liability of the person from whom the assets are acquired.
Plaintiff, New Jersey Hotel Holdings, Inc., challenges assessments by defendant, Director, Division of Taxation, for Sales and Use Tax, N.J.S.A. 54:32B-1 to -29, in the total amount of $56,- *430 787.97.[1] The matter has been submitted to the court on stipulated facts. R. 8:8 — 1(b). The parties have each moved for judgment on those facts.
The amount of the tax liability is not in issue. Nor does plaintiff dispute the liability of the prior owners of the real and personal assets which it acquired on August 3, 1990, for the sales and use tax assessments. The sole issue for determination by this court is whether the Director may make an assessment against plaintiff under N.J.S.A 54:32B-22(c) for the sales and use tax liabilities of the entities from which it acquired the assets by way of deeds in lieu of foreclosure and bills of sale.
On January 16, 1987, County Savings Bank made loans to several entities secured by three mortgages, assignments of rents, and security agreements on three hotels in New Jersey.. In January and February 1988 the underlying properties were transferred to three separate partnerships; the mortgages, assignments of rents, and security agreements were modified, and the new owners assumed all of the liabilities of the original owners. In February 1989 the new owners defaulted on their obligation to County Savings Bank. County Savings Bank initiated foreclosure proceedings. In the foreclosure proceedings the Attorney General of the State of New Jersey received notice and did not answer or appear.
The foreclosure proceedings were settled by an agreement which provided that on default of that agreement County Savings Bank or an affiliate would take the three hotel properties by way of deeds in lieu of foreclosure. On August 3, 1990, upon the default of the owners of the hotel properties, and pursuant to that agreement, New Jersey Hotel Holdings, an affiliate of County Savings Bank and plaintiff in this action, acquired all of the hotel assets — the real property by way of deeds in lieu of foreclosure and the personal property by way of bills of sale.
*431 The mortgages, security agreements, and assignments of rents, by which plaintiff first acquired an interest in the hotel properties and eventually took those properties, were filed in January 1987. The sales and use tax liabilities, which are the basis of the Director’s assessments, arose after the date of those agreements and before August 3,1990. Plaintiff did not give advance notice to the Director of the Division of Taxation about the August 3, 1990 transfer.
N.J.S.A. 54:32B-22(e) provides:
Whenever a person required to collect tax shall make a sale, transfer, or assignment in bulk of any part or the whole of his business assets, otherwise than in the ordinary course of business, the purchaser, transferee or assignee shall at least 10 days before taking possession of the subject of said sale, transfer or assignment, or paying therefor, notify the director by registered mail of the proposed sale and of the price, terms and conditions thereof whether or not the seller, transferrer or assignor, has represented to, or informed the purchaser, transferee or assignee that he owes any tax pursuant to this act, and whether or not the purchaser, transferee, or assignee has knowledge that such taxes are owning, and whether any such taxes are in fact owing.
Whenever the purchaser, transferee or assignee shall fail to give notice to the director as required by the preceding paragraph, or whenever the director shall inform the purchaser, transferee or assignee that a possible claim for such tax or taxes exists, any sums of money, property or choses in action, or other consideration, which the purchaser, transferee or assignee is required to transfer over to the seller, transferrer or assignor shall be subject to a first priority right and lion for any such taxes theretofore or thereafter determined to be due from the seller, transferrer or assignor to the State, and the purchaser, transferee or assignee is forbidden to transfer to the seller, transferrer or assignor any such sums of money, property or choses in action to the extent of the amount of the State’s claim. For failure to comply with the provisions of this section the purchaser, transferee or assignee, in addition to being subject to the liabilities and remedies imposed under the provisions of the uniform commercial code, Title 1%A of the Revised Statutes of New Jersey, shall be personally liable for the payment to the State of any such taxes theretofore or thereafter determined to be due to the State from the seller, transferrer or assignor, and such liability may be assessed and enforced in the same manner as the liability for tax under this act.
[Emphasis added.]
This statute has been construed once in a reported decision of this court. Bunting v. Director, Div. of Taxation, 1 N.J.Tax 189, 176 N.J.Super. 262, 422 A.2d 815 (Tax 1980) (holding that failure to give notice of a transfer under N.J.S.A 54:32B-22(c) subjects a purchaser to the seller’s sales tax liability.)
*432 The mechanics of the statute are described in Bunting, supra. Ten days before a sale, transfer, or assignment in bulk of business assets other than in the ordinary course of business, a purchaser, transferee, or assignee must notify the Director of the Division of Taxation. On receipt of the notice the Director informs the purchaser how much of the consideration to escrow with regard to the seller’s sales tax liability. Following this procedure, the purchaser can effectively limit its liability to the amount of the escrow specified by the Director. Failure to comply with the statute subjects the purchaser to personal liability for any of the seller’s sales tax liabilities. Id. at 195, 176 N.J.Super. 262, 422 A.2d 815.
The Director argues that the failure to give the ten day notice under the statute is a “failure to comply with the provisions of this section” which makes the purchaser “personally liable for the payment to the State of any ... taxes ... due to the State from the seller, transferrer or assignor____” N.J.S.A. 54:32B~ 22(c). In support of this argument Director cites Bunting, supra:
We recognize the serious implication of this decision. There is no apparent limitation on the dollar amount of delinquent tax liability that may be assumed by the purchaser of a business if he fails to properly notify the Director of an impending closing. Indeed, a purchaser may assume personal liability for the seller’s delinquent taxes in excess of the price he pays for the business assets. Nonetheless, compliance with the notification provisions of the tax statutes is uncomplicated. Counsel should be alert to observe the notification procedure in appropriate circumstances.
[Bunting, supra, 1 N.J.Tax at 197, 176 N.J.Super. 262, 422 A.2d 815; emphasis added.]
Plaintiff raises a series of arguments against this literal reading of the statute and the more than fifteen year old interpretation by this court;
1. The granting of a deed in lieu of foreclosure is not a transfer within the meaning of the statute.
2. A foreclosure is not a transfer within the meaning of the statute. A deed in lieu of foreclosure should be handled in the same manner.
*433 3. Since the state would have received nothing if plaintiff had foreclosed, it should receive nothing if it takes the property by way of a deed in lieu of foreclosure.
4. There is no notice requirement because of the impossibility of escrowing money on the transfer.
5. There can be no liability where there is no escrow.
6. Nothing that the plaintiff transferred could be escrowed.
7. Liability is limited to the amount transferred for the properties — the forgiveness of plaintiffs debt was not a transfer. Plaintiff transferred nothing for the properties it received.
It is clear that N.J.S.A. 54:32B-22(c) is meant to extend beyond the simple sale for cash as was the case in Bunting, supra, and beyond the restrictive definitions of the bulk sales act. Id. at 194-6, 176 N.J.Super. 262, 422 A.2d 815. In its initial sentence it speaks of “sale, transfer, or assignment in bulk”. In this case the hotel assets were transferred to plaintiff in settlement of the foreclosure action and in satisfaction of a mortgage or mortgages and security agreements whose principal value on the date of the transfer was stated to be in excess of $20 million.
Plaintiff asserts persuasively that had it followed through on the foreclosure action and actually foreclosed the properties, the state’s sales tax lien would have been extinguished. Citing N.J.S.A. 2A:45-4, plaintiff argues that when the state does not answer a foreclosure complaint and/or when the lien being foreclosed is prior to the lien of the state, the general rule is that first in time is first in right. Since it is unquestioned that plaintiffs lien based on monies lent and recorded mortgages and security agreements arose prior in time to the tax lien of the state for sales taxes, the state would have received nothing for its sales taxes had plaintiff actually foreclosed in this case. Nevertheless, plaintiff did not foreclose but took a deed in lieu of foreclosure.
[T]he principle that a business decision will be given its tax effect according to what actually occurred promotes the public interest in tax certainty and thereby conforms with general business expectations. Indeed, planning by individuals and businesses alike would be frustrated if courts failed to give predictable effect to formal legal documents ... simply because of an asserted ignorance of the law. *434 [General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 138, 416 A.2d 37 (1980).]
“A voluntary business decision ‘is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.’ ” General Trading, supra, at 136, 416 A.2d 37 (citation omitted), quoted in Richard’s Auto City, Inc. v. Director, Div. of Taxation, 12 N.J.Tax 619, 627 (Tax 1992) and 140 N.J. 523, 543, 659 A.2d 1360 (1995).[2] “As a general proposition, the answer must be that it is for the taxpayer to make its business decisions in light of tax statutes rather than the other way around.” Household Fin. Corp. v. Director, Div. of Taxation, 36 N.J. 353, 362, 177 A.2d 738 (1962) (citations omitted). In short, the fact that the state’s sales tax lien might have been extinguished had plaintiff proceeded to foreclose does not mandate the same result if the taxpayer chooses to take a deed in lieu of foreclosure.
Foreclosure is a formal procedure defined by statute. N.J.S.A. 2A:50-1 to -52. The status of state tax liens in a foreclosure procedure is governed by a statute which by its terms supersedes the normal tax rules. N.J.S.A. 2A:45-4. A deed in lieu of foreclosure is a contractual undertaking by the mortgagor and the mortgagee which avoids the formal foreclosure procedure and accordingly is not governed by the foreclosure statutes. See 3 Powell on Real Property ¶ 469.1[1] (1995). The state tax lien prescribed by N.J.S.A. 54:32B-22(c) is not affected by the foreclosure statutes when a transfer is accomplished outside of the formal foreclosure procedures. Among the advantages to the taxpayer of taking a deed in lieu of foreclosure rather than proceeding with a formal foreclosure are savings in time and costs. Among the advantages of proceeding with a formal foreclosure rather than taking a deed in lieu of foreclosure are the cancellation of liens subordinate to those of the foreclosing creditor. It must *435 be presumed that the taxpayer weighed the advantages and costs (including tax savings and costs) when deciding to take a deed in lieu of foreclosure rather than proceeding with the statutory foreclosure proceedings.
Much of plaintiffs argument with respect to the inapplicability of N.J.S.A. 54:32B-22(c) to the exchange of property in return for forgiveness of indebtedness is based on its characterization of what plaintiff gave up in order to acquire the assets of the sales tax debtor. Plaintiff did not give up cash, and thus plaintiff argues since the purpose of notice is to inform the Director of the transaction and in turn permit the Director to tell the purchaser or acquirer of assets how much to escrow and since nothing could have been escrowed, there is no need for notice. The fact of the matter is that plaintiff gave up its rights under the foreclosure action and its rights under the mortgages and security agreements in return for the transfer of the physical assets. Plaintiff could have, for example, released all of the debt of the defaulting borrower except for the borrower’s sales tax debt. If it wished to know how much that sales tax debt was, it could have found out by giving notice to the Director under the statute. Plaintiff also argues that its liability should be limited to the amount transferred for the properties and that it transferred nothing. It is true that it transferred no cash, but it did transfer its rights under the foreclosure action, the mortgage, the security agreements, and the agreement settling the foreclosure action. Although they may not have been equal to the amounts owed under the mortgages, the fair market value of these “ckoses in action, or other consideration ” were certainly greater than the $56,787.97 sales tax obligation of the defaulting hotels. N.J.S.A. 54:32B-22(c). Nevertheless, the language of Bunting makes clear that unlike the law in New York, which specifically limits liability to the amount transferred, in New Jersey, without notice to the Director, there is no limit to the liability of the transferee.
Plaintiff cites a number of cases from foreign jurisdictions in support of its argument that it is not liable for the sales tax in this case.
*436 I find that, in this case, I am in agreement with a conclusion reached by the Appellate Division in Autotote Ltd. v. New Jersey Sports, etc., Auth., 171 N.J.Super. 480, 410 A.2d 52 (App.Div.1979), rev’d on other grounds, 85 N.J. 363, 427 A.2d 55 in which the court remarked:
The interpretation of out-of-state statutes by the courts of the jurisdictions are rarely helpful in providing an appropriate key to the interpretation of a New Jersey statute because of differing public policy concepts and objectives. [Id. at 489,410 A.2d 52.]
[GE Solid State, Inc. v. Director, Division of Taxation, 11 N.J.Tax 320, 341 (Tax 1990), aff'd, 254 N.J.Super, 653, 604 A.2d 189 (App.Div.1992), rev’d on other grounds, 132 N.J. 298, 625 A.2d 468 (1993).]
Nevertheless, because plaintiff has devoted much attention to out-of-state cases, their lack of persuasiveness is briefly discussed. In each instance the case and/or the statute are distinguishable from the matter before this court.
The states are not in agreement as to whether an acquisition of assets in lieu of foreclosure should be treated the same way as a foreclosure for purposes of successor liability under their tax statutes. Compare State v. Standard Oil Co., 39 Ohio St.2d 41, 313 N.E.2d 838 (1974) with Bank of Commerce v. Woods, 585 S.W.2d 577 (Tenn.1979). The Tennessee Court in Woods, supra, indicates that the Ohio position, as stated in Bank of Commerce, supra, holding that an action in lieu of foreclosure should be-treated like a foreclosure, is the minority view. Like Tennessee, New Jersey has stated that in tax matters the form of the transaction will govern its tax consequences. General Trading, supra; Richard’s Auto City, supra.
We understand that other states may wish to limit the successor’s liability to “purchase money”, Mountain Shadow Inn, Inc. v. Colorado Dept. of Labor and Employment, 672 P.2d 522 (Colo. 1983), or to the amount of consideration, Velez v. Division of Taxation, 152 A.D.2d 87, 547 N.Y.S.2d 444 (N.Y.App.Div.1989) (construing the New York statute). See also Knudsen Dairy Products Co. v. State Bd. of Equalization, 12 Cal.App.3d 47, 90 Cal.Rptr. 533 (Cal.Ct.App.1970). But New Jersey’s statute and interpretive case law, is to the contrary. Bunting, supra.
In this case notice to the Attorney General in the foreclosure proceeding was not adequate under N.J.S.A. 54:32B-22(c), which *437 requires notice by registered mail to the Director of the Division of Taxation. Plaintiff stipulated that notice was not given to the Director of the Division of Taxation. Since the state’s rights under a foreclosure action are different from those under a transfer in the nature of a deed in lieu of foreclosure, it is appropriate that the proper notice under N.J.S.A 54:32B-22(c) be in strict compliance with the statute so that the appropriate individuals in state government, who are in a position to identify the state’s interests under different statutes, be alerted.
As this court indicated over fifteen years ago, we recognize the serious implication of this decision. Bunting, supra, 1 N.J.Tax at 197, 176 N.J.Super. 262, 422 A.2d 815. The failure to give notice is a fatal defect under Bunting. No matter what the logical underpinnings of the statute, failure to give notice to the Director makes a purchaser, transferee, or assignee of assets personally liable for the sales and use tax liabilities of its predecessor. I trust that this opinion will further alert counsel to the need to notify the Director under N.J.S.A 54:32B-22(c) in those circumstances where the transferrer of assets may have liability for New Jersey Sales and Use Tax. Bunting, supra, at 197, 176 N.J.Super. 262, 422 A.2d 815.
Plaintiffs motion is denied; defendant’s motion is granted. The Director’s assessments are affirmed. The court will enter an appropriate order and judgment.

 The assessments were made against three separate entities in the total amount of $56,787.97. The Director has obtained $24,030.75 by withholding refunds claimed by the plaintiff. The balance of the assessment remains unpaid.

 The full citation is Richards Auto City, Inc. v. Director, Division of Taxation, 12 N.J.Tax 619 (Tax 1992), rev'd, 270 N.J.Super. 92, 636 A.2d 572 (App.Div.1994), rev’d, 140 NJ. 523, 659 A.2d 1360 (1995). The citation in the text refers only to the quoted language from General Trading, supra.