Matter of Carlson v Tax Appeals Trib. of the State of N.Y. (2023 NY Slip Op 01328)

Matter of Carlson v Tax Appeals Trib. of the State of N.Y.

2023 NY Slip Op 01328

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

533916 
[*1]In the Matter of Andrew Carlson, Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date:January 10, 2023 

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ. 

Duke, Holzman, Photiadis & Gresens LLP, Buffalo (Gary M. Kanaley of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for Commissioner of Taxation and Finance, respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.
Petitioner is the sole owner and managing member of Best Wings, LLC (hereinafter Best Wings), Professional Hospitality, LLC (hereinafter Professional) and Great Food Great Fun, LLC (hereinafter Great Food). In 2008, the assets of the Village Casino and Wing City Grille, two restaurants owned and operated by Carlson Food, LLC and Car Kid, LLC,[FN1] respectively, were transferred to Best Wings. The Division of Taxation and Finance (hereinafter the Division) was not informed of the bulk sale purchases until November 2012, at which time Best Wings filed two notices of bulk sale pursuant to Tax Law § 1141 (c). The notices were signed by petitioner. A month later, in December 2012, Professional and Great Food filed similar notices pursuant to Tax Law § 1141 (c), belatedly informing the Division of their bulk sales. Professional's notice reported that it had purchased the assets of the Village Casino from Best Wings on January 1, 2011, and Great Food's notice averred that it had purchased the assets of Wing City Grille from Best Wings on February 10, 2012. Again, both notices were signed by petitioner. In February 2013, the Division issued notices of determination to Best Wings advising that it was liable for the outstanding sales tax liability as a bulk sale purchaser related to the 2008 transactions. The Division then sent notices of determination to Professional and Great Food as bulk sale purchasers, for taxes owed by Best Wings at the time of their respective purchases from it.
Best Wings then filed a request for a conciliation conference, wherein petitioner executed two consents settling the notices of determination for a reduced assessment. Following these consents, in July 2015, the Division electronically issued to petitioner, as a responsible person of Great Food and Professional, two notices of determination of taxes due for unpaid sales tax related to each respective bulk sale. Petitioner sought review with the Division on several grounds including, as relevant here, that petitioner did not consent to receipt of the notices of determination through electronic means; that the Tax Law does not authorize the assessment against a bulk sale purchaser's responsible person; and that the assessment did not take into consideration the federal tax liens that he alleges were attached to both Village Casino and Wing City Grille at the time of their original purchase. Petitioner and the Division both moved for summary determination. An Administrative Law Judge denied petitioner's motion and partially granted the Division's motion, finding that petitioner consented to electronic service and that an assessment may be made against a bulk sale purchaser's responsible person. With respect to the remainder of the Division's motion[*2], a hearing was held to determine the amount of liability to be imposed. Following the hearing, the Administrative Law Judge sustained the amounts in the July 2015 notices of determination. Petitioner filed an exception with respondent Tax Appeals Tribunal (hereinafter the Tribunal), which affirmed the Administrative Law Judge's determination and summary determination order. Petitioner commenced this CPLR article 78 proceeding challenging the Tribunal's determination.
Initially, we reject petitioner's contention that the Tribunal's decision is a nullity because only two of the three commissioners issued the decision. Tax Law § 2004 states that "[t]he tax appeals tribunal shall consist of three commissioners . . . . A majority of the tribunal shall constitute a quorum for the purposes of exercising such powers and performing such duties, including the issuing of decisions." Additionally, "General Construction Law § 41 provides that whenever three or more public officers are given any power or authority, or charged with any duty to be performed jointly as a board, a majority shall constitute a quorum for the purposes of performing or exercising such power, authority or duty" (Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., 19 AD3d 886, 889 [3d Dept 2005]). Moreover, contrary to petitioner's assertion, there is no statutory requirement that the quorum must consist solely of attorneys.
Turning to the substantive arguments, "[i]t is well settled that this Court's review of the Tribunal's determination is limited to whether it has a rational basis and is supported by substantial evidence" (Matter of Zuckerman v Tax Appeals Trib. of the State of N.Y., 174 AD3d 1073, 1074 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 210 AD3d 86, 88-89 [3d Dept 2022]). "Interpretation given a statute by the agency charged with its enforcement is, as a general matter, given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 210 AD3d at 89 [internal quotation marks and citations omitted]; see Matter of Gans v New York State Tax Appeals Trib., 194 AD3d 1209, 1210 [3d Dept 2021]).
Petitioner argues that because the bulk sale liability is neither a collected tax nor a sales tax liability, the Tribunal incorrectly determined that it could impose bulk sale liability against a responsible person of a purchasing/transferee entity under Tax Law § 1141 (c). We disagree. Tax Law § 1141 (c) provides, in pertinent part, that "[w]henever a person required to collect tax shall make a sale, transfer, or assignment in bulk of any part or the whole of his [or her] business assets, otherwise than in the ordinary course of business, the purchaser, transferee or assignee [*3]shall at least [10] days before taking possession of the subject of said sale, transfer or assignment, or paying therefor, notify the [Division] by registered mail of the proposed sale . . . . For failure to comply with the provisions of this subdivision the purchaser, transferee or assignee shall be personally liable for the payment to the state of any such taxes due to the state from the seller, transferrer or assignor" (Matter of Acres Stor. Co. v Chu, 120 AD2d 854, 855-856 [3d Dept 1986] [internal quotation marks and ellipses omitted], appeal dismissed 68 NY2d 807 [1986]; see Matter of North Shore Cadillac-Oldsmobile, Inc. v Tax Appeals Trib. of State of N.Y., 13 AD3d 994, 996 [3d Dept 2004], lv denied 5 NY3d 704 [2005]). Tax Law § 1133 (a) (1) provides that "every person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article." As relevant here, Tax Law § 1131 (1) defines persons required to collect any tax imposed by Tax Law article 28 as any member of a limited liability company.
The intent of Tax Law § 1141 (c) is "to preserve the state's indisputable right to collect taxes which could otherwise be extinguished by the simple expedient of a taxpayer transferring its assets" (Matter of North Shore Cadillac-Oldsmobile, Inc. v Tax Appeals Trib. of State of N.Y., 13 AD3d at 997 [internal quotation marks and citation omitted]). The Division accomplishes this by "imposing a first priority right and lien on the consideration transferred from purchaser to seller and, further, by making the purchaser personally liable for the payment of taxes due and owing to the extent of the purchase price or fair market value of the assets" (Harcel Liqs. v Evsam Parking, 48 NY2d 503, 507 [1979]). "The statute makes a purchaser at a bulk sale secondarily responsible for any such taxes due from the seller" and is not limited to the immediate purchaser but has been applied to successive purchasers (Matter of Acres Stor. Co. v Chu, 120 AD2d at 856 [internal quotation marks and citation omitted]).
These aforementioned administrative provisions are applicable to sales and use tax and provide for the imposition of personal liability (see Tax Law article 28, part IV).Here, petitioner was the managing member of each limited liability company involved in these transactions. Furthermore, it is undisputed that he failed to timely comply with the provisions of Tax Law § 1141 (c). As a final indication of his personal responsibility, the record confirms that petitioner reported the gross sales and amortized the goodwill of each limited liability company on his personal tax returns. Given the foregoing, "there is no reason to sacrifice the intent and plain reach of this statute to this transaction" and to petitioner as a responsible person of both limited liability companies required to remit payment of the unpaid sales tax (Spandau v United States of Am., 73 NY2d 832, 834 [*4][1988]). Accordingly, we find that there is a rational basis supporting the Tribunal's interpretation (see Harcel Liqs. v Evsam Parking, 48 NY2d at 503; Matter of North Shore Cadillac-Oldsmobile, Inc. v Tax Appeals Trib. of State of N.Y., 13 AD3d at 997; Matter of Acres Stor. Co. v Chu, 120 AD2d at 856).
Next, we reject petitioner's contention that he did not consent to electronic service of the 2015 notices of determination. Tax Law § 1138 (a) (1) requires that a "notice of determination shall be mailed by certified or registered mail to the person or persons liable for the collection or payment of the tax at his [or her] last known address." However, Tax Law § 35 allows the use of "electronic means of communication to furnish any document [the Division] is required to mail per law or regulation" if it "has obtained authorization of an online services account holder." The Division submitted an affidavit by a qualified employee, describing the standard process and procedures for receipt of electronic statutory notices. The record establishes that petitioner opened an online services account on July 23, 2012 under his name, taxpayer identification number and user identification number and that in November of that same year specifically consented to receive "tax bills and similar account notices" electronically. The online services account terms and conditions clearly lists "notice of determination series" under the categories of bills and related notices. The Tribunal's determination that petitioner consented to the electronic service of the notices of determination, thereby rendering service valid, has a rational basis and is supported by substantial evidence (see Matter of Zuckerman v Tax Appeals Trib. of the State of N.Y., 174 AD3d at 1077; Matter of Ayoub v Tax Appeals Trib. of the State of N.Y., 129 AD3d 1354, 1358 [3d Dept 2015]).
We are unpersuaded by petitioner's contention that there was no consideration paid for the assets or that the fair market value of the assets should be reduced by the initial seller's federal tax liens. Petitioner's contentions are unsupported by any proof, whereas the bulk sale notices provided and signed by petitioner — coupled with the amortization of the goodwill of the limited liability companies on his personal tax returns — are substantial evidence supporting the liability assessed (see Matter of Mayo v New York State Div. of Tax Appeals, Tax Appeals Trib., 172 AD3d 1554, 1555 [3d Dept 2019], lv denied 34 NY3d 1140 [2020]; Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1240 [3d Dept 2017], lv denied 29 NY3d 918 [2017]).
Garry, P.J., Lynch, Aarons and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner's father owned and operated these entities.