Matter of Dynamic Logic, Inc. v Tax Appeals Trib. of the State of New York (2024 NY Slip Op 01136)

Matter of Dynamic Logic, Inc. v Tax Appeals Trib. of the State of New York

2024 NY Slip Op 01136

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

535445
[*1]In the Matter of Dynamic Logic, Inc., Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Mayer Brown LLP, New York City (Leah Robinson of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for Acting Commissioner of Taxation and Finance, respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal partially sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.
Petitioner is a company that provides services to advertisers, agencies and publishers that measure the effectiveness of their advertising campaigns. One such service is AdIndex, a research tool that gauges the effectiveness of a particular advertisement by surveying consumers or Internet users who have seen the advertisement and comparing the results to responses of those who have not been exposed to it. After the survey data is collected and the results compiled, petitioner provides its clients with a report that analyzes those results. Among other things, AdIndex reports compare a client's advertising campaign results to industry-specific benchmarking data from a database called MarketNorms, which contains anonymized and aggregated results from the standardized questions contained in AdIndex studies. As part of its AdIndex service, petitioner also provides advice and recommendations for improving advertising effectiveness.
The Department of Taxation and Finance conducted an audit of petitioner's sales and use tax liability for the period of September 2011 through August 2014. Following the audit, the Department determined, insofar as is relevant here, that petitioner's sales of the AdIndex service constituted the sale of taxable information services under Tax Law § 1105 (c) (1) and issued a notice of determination imposing additional sales tax upon petitioner for the relevant time period. Petitioner thereafter filed a petition in the Division of Tax Appeals challenging the determination and seeking a refund of its tax liability. Following a hearing, an Administrative Law Judge sustained the determination as to the AdIndex service, concluding that AdIndex was an information service and that the information provided by the AdIndex service did not fall within the applicable exclusion from the imposition of sales tax because such information was or could be substantially incorporated into reports furnished to others (see Tax Law § 1105 [c] [1]). Petitioner filed an exception and, following a hearing, respondent Tax Appeals Tribunal upheld the determination as to the taxability of the AdIndex service. Petitioner then commenced this CPLR article 78 proceeding seeking to annul that portion of the Tribunal's determination.
"[T]ax statutes should be construed to insure the collection of all designated taxes where a supportable theory can be found" (Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y., 83 NY2d 240, 244 [1994], cert denied 513 US 811 [1994]; accord Matter of Gans v New York State Tax Appeals Trib., 194 AD3d 1209, 1210 [3d Dept 2021]). In reviewing a determination of the Tribunal, our function is limited to assessing whether it "has a rational basis and is supported by substantial evidence[*2]" (Matter of Carlson v Tax Appeals Trib. of the State of N.Y., 214 AD3d 1133, 1134 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of BTG Pactual NY Corp. v New York State Tax Appeals Trib., 203 AD3d 1347, 1348-1349 [3d Dept 2022]). "[I]f there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tribunal's determination," even if a different conclusion would not have been unreasonable (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d 587, 594 [2019] [internal quotation marks, brackets and citation omitted]; see Matter of CLM Assoc., LLC v New York State Tax Appeals Trib., 181 AD3d 999, 1001 [3d Dept 2020], lv denied 36 NY3d 904 [2021]). Further, "[i]nterpretation given a statute by the agency charged with its enforcement is, as a general matter, given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 210 AD3d 86, 89 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Carlson v Tax Appeals Trib. of the State of N.Y., 214 AD3d at 1135).
Tax Law § 1105 (c) (1) requires the payment of sales tax on "[t]he receipts from every sale" of "[t]he furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons." The statute excludes from taxation, however, "the furnishing of information which is personal or individual in nature and which is not or may not be substantially incorporated in reports furnished to other persons" (Tax Law § 1105 [c] [1]). For purposes of sales tax, "it shall be presumed that all receipts for . . . services of any type mentioned in [Tax Law § 1105 (c)] . . . are subject to tax until the contrary is established, and the burden of proving that any receipt . . . is not taxable [t]hereunder shall be upon the person required to collect tax" (Tax Law § 1132 [c] [1]).
We find no basis to disturb the Tribunal's determination that petitioner's AdIndex service constitutes an information service. While petitioner insists that the services under consideration constitute nontaxable consulting services, the record supports the finding that the primary function of AdIndex is the collection and analysis of information. The AdIndex service begins with the development of survey questions followed by the gathering of information and data through those surveys. After the information obtained from the surveys is analyzed by petitioner's research analysts, the information and analysis is furnished to petitioner's clients via reports. Petitioner trains its research analysts, who have backgrounds in "media and/or market [*3]research," to write reports in such a way as to use the survey data to find and tell the data's "story." To accomplish this objective, the reports present the data collected through graphs, tables and charts, with text calling the customer's attention to the significance of various points of data. A review of the sample reports contained in the record confirms that the graphic data presentations are the predominant feature of the reports, and the narratives or "insights" provided in the reports consist of an analysis of the data obtained. Although AdIndex reports also include certain advice and/or recommendations to improve the effectiveness of the client's ad campaign — which, according to petitioner's witnesses, was the primary reason why its clients purchased the service — the record reflects that such recommendations are, for the most part, drawn directly from the data collected. Thus, as the Tribunal observed, without the data there would be no basis for the recommendations. Petitioner's training documents, promotional materials and sample contracts likewise show that AdIndex's key deliverable was the collection and analysis of information and that the recommendation component of the reports was ancillary thereto. Considering the foregoing evidence, we conclude that the Tribunal rationally determined that AdIndex was an information service and that such determination is supported by substantial evidence in the record (see Tax Law § 1105 [c] [1]; 20 NYCRR 527.3 [a] [2]; Matter of ADP Automotive Claims Servs. v Tax Appeals Trib., 188 AD2d 245, 248 [3d Dept 1993], lv denied 82 NY2d 655 [1993]; Matter of Towne-Oller & Assoc. v State Tax Commn., 120 AD2d 873, 874 [3d Dept 1986]).
Petitioner also urges that, even if AdIndex is an information service, such service is excluded from sales tax because the information provided to its customers is not incorporated in reports furnished to other persons. "[W]hen the matter at issue is subject to the taxing statute, but the question is whether taxation is negated by a statutory exclusion . . . , the presumption is in favor of the taxing power" and the exclusion "will be construed against the taxpayer" (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d at 592, 593 [internal quotation marks and citations omitted]; see Matter of SLIC Network Solutions, Inc. v New York State Dept. of Taxation & Fin., ___ AD3d ___, ___, 2024 NY Slip Op 00342, *1-2 [3d Dept 2024]). The burden thus rests upon the taxpayer "to overcome a tax assessment and establish its unambiguous entitlement to an exclusion by demonstrating that a particular item falls within the language of the identified statutory exclusion" (Matter of XO Communications Servs., LLC v Tax Appeals Trib. of the State of N.Y., 182 AD3d 717, 718 [3d Dept 2020], lv denied 36 NY3d 903 [2020]; see Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d at 593). To that end, "the taxpayer's interpretation [*4]of the statute must not simply be plausible, it must be the only reasonable construction" (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006] [internal quotation marks and citations omitted]; accord Matter of Centurylink Communications, LLC v Schmidt, 199 AD3d 1084, 1087 [3d Dept 2021]).
Every AdIndex survey contains standardized questions related to demographic information and brand metrics and the information collected from such questions, after being aggregated and anonymized, is incorporated into petitioner's MarketNorms database. MarketNorms, in turn, uses that data to calculate a normative score that is used as a benchmark for comparative purposes. By subscription, petitioner's clients could purchase access to the MarketNorms database and the raw data contained therein.[FN1] Significantly, MarketNorms data is also used by petitioner to prepare AdIndex reports for its customers and portions of the data generally appeared on one or more slides of such a report. In that regard, as previously discussed, AdIndex reports compare a client's advertising campaign results to the benchmarking data contained in the MarketNorms database so as to gauge the effectiveness of a client's advertisement against industry peers. The Tribunal thus concluded that, because the information incorporated into the MarketNorms database for use in other AdIndex reports was qualitatively valuable to the analysis provided by AdIndex, information from an AdIndex report can fairly be regarded as "substantially incorporated" into the reports furnished to others (Tax Law § 1105 [c] [1]). We find nothing irrational about the Tribunal's determination in this regard, nor has petitioner demonstrated that its contrary interpretation of the exclusion is the only reasonable one (see Matter of Centurylink Communications, LLC v Schmidt, 199 AD3d at 1087; Matter of Dex Media, Inc. v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y., 180 AD3d 1281, 1284 [3d Dept 2020], lv denied 35 NY3d 913 [2020]). Petitioner has therefore "failed to sustain its burden of unequivocal entitlement to the [exclusion] it seeks" (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d at 583; see Matter of Grace v New York State Tax Commn., 37 NY2d 193, 197-198 [1975]; Matter of Rich Prods. Corp. v Chu, 132 AD2d 175, 179 [3d Dept 1987], lv denied 72 NY2d 802 [1988]).
Petitioner's remaining contentions, to the extent not specifically addressed herein, are either unpreserved for our review due to its failure to raise them at the administrative level (see Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y., 69 AD3d 996, 998 [3d Dept 2010]; Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1155 [3d Dept 2008]) or have been reviewed and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner's standard contract with clients allowed it to copy, distribute, resell, modify and use the data it obtains in the MarketNorms database.