*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518756
_____

In the Matter of SUSAN M. KENT,
    as President of the New York
    State Public Employees
    Federation, AFL-CIO, et al.,
                    Appellants,          MEMORANDUM AND ORDER
        v

ANDREW M. CUOMO, as Governor
    of the State of New York,
    et al.,
                    Respondents.
_____

Calendar Date:  November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____

    Lisa M. King, New York State Public Employees Federation,
AFL-CIO, Albany (Eric Kwasniewski of counsel), for appellants.

    Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for respondents.

                    _____

Garry, J.

    Appeal from that part of a judgment of the Supreme Court
(Teresi, J.), entered June 18, 2013 in Albany County, which
partially dismissed petitioners' application, in a proceeding
pursuant to CPLR article 78, to, among other things, review a
determination of respondent State Budget Director to pay overtime
to certain overtime-ineligible employees.

    Petitioners Michael Ufko, Hugh Cirrito, Joan Bobier and
Heide-Marie Dudek (hereinafter collectively referred to as

petitioners) are state workers employed, respectively, by respondents Department of Transportation, Department of Environmental Conservation, Department of Health, and Division of Homeland Security and Emergency Services (hereinafter collectively referred to as the employer respondents). Petitioners serve in positions that are categorized as ineligible for overtime compensation (see generally 9 NYCRR 135.2). Respondent State Budget Director has discretionary authority to grant overtime compensation to such employees when they "work beyond a normal workweek during . . . an extreme emergency" (Civil Service Law § 134 [6]).  In October 2012, the Budget Director acted pursuant to that authority by issuing a bulletin (hereinafter bulletin G-1034) that declared Hurricane Sandy to be an extreme emergency and authorized overtime compensation for otherwise ineligible employees who worked more than 47.5 hours in a week as a result of the storm.  Petitioners worked more than 40 hours per week as a result of Hurricane Sandy, but pursuant to bulletin G-1034, they were not compensated for weekly hours greater than 40 and less than 47.5.

Petitioners – together with petitioner Susan M. Kent, the president of petitioners' labor union – commenced this proceeding arguing that the Budget Director was statutorily required to compensate petitioners and all other similarly situated state employees for all hours worked more than 40 per week as a result of Hurricane Sandy.  As pertinent here, Supreme Court partially dismissed the application to the extent that it sought to require this 40-hour threshold.  Petitioners and Kent appeal.

Initially, we must determine whether the Budget Director's interpretation of Civil Service Law § 134 (6) is entitled to deference.  This Court will defer to the governmental agency responsible for the administration of a statute when interpretation of the language at issue requires the agency's expertise in the matters covered by the statute, but will accord no such deference when "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; accord Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation, 18 NY3d 289, 296 [2011]; see Matter of New York Constr. Materials

Assn., Inc. v New York State Dept. of Envtl. Conservation, 83 AD3d 1323, 1325 [2011]). Although the Civil Service Law provides that the "workweek for basic annual salary" for employees who are eligible for overtime shall not exceed 40 hours (Civil Service Law § 134 [1]), overtime-ineligible employees are expressly excluded from the coverage of that section, and nothing else in the legislation defines the phrase "normal workweek" as used in Civil Service Law § 134 (6) for such employees or prescribes the number of hours contained in such a workweek. Under these circumstances, in our view, the number of hours in the "normal workweek" of an overtime-ineligible state employee necessarily implicates the Budget Director's specialized knowledge of state employment practices and "involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d at 459; see Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist., 97 AD3d 61, 67 [2012], lv denied 19 NY3d 816 [2012]; Matter of Posada v New York State Dept. of Health, 75 AD3d 880, 883 n 2 [2010], lv denied 15 NY3d 712 [2010]). Accordingly, this Court will defer to the Budget Director's determination and uphold it if it is not irrational or unreasonable (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d at 459; Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]).

Following the enactment of Civil Service Law § 134 (6), respondent Division of the Budget (hereinafter DOB) issued a bulletin stating that "[e]mployees normally ineligible to be compensated for work in excess of 40 hours per week may, under special emergency circumstances, be made eligible for compensation for such hours of work" and, in order to receive such compensation, "must work a number of hours clearly in excess of the hours his [or her] position should reasonably require" (1974 NY St Div of the Budget Bulletin Item G-140). The 47.5-hour threshold is not referenced in this bulletin, but a DOB official averred by affidavit that it has been in place for many years and was originally devised after consultation with other agencies involved in emergency planning and service delivery based upon such factors as the importance of delivering emergency response services to citizens, fair treatment of otherwise ineligible employees, and responsible use of taxpayer resources.

The DOB official noted that overtime-ineligible state employees —
who are typically highly compensated and function in professional
or managerial positions or other capacities involving the use of
skill or discretion — might routinely be called upon in
nonemergency situations to work more than 40 hours in a week
without additional compensation.  The 47.5-hour threshold takes
this factual assessment into account by adding an additional full
workday of 7.5 hours to the 40-hour workweek.  The record reveals
that the 47.5-hour threshold has been applied in other emergency
circumstances, most recently including Hurricane Irene and
Tropical Storm Lee in late 2011.  Accordingly, the threshold
cannot be said to be arbitrary on the ground that it departs
unreasonably from DOB's approach in other emergency situations
(compare Matter of Welch v Constantine, 194 AD2d 1008, 1011
[1993]).  As we find nothing that is otherwise irrational or
unreasonable in the Budget Director's imposition of the 47.5-hour
threshold for work related to Hurricane Sandy, the determination
must be upheld (but see Matter of Roberts v Cuomo, 42 Misc 3d
1209[A], 2013 NY Slip Op 52264[U], *6 [Sup Ct, Albany County
2013]).

     The statutory language supports this determination.  The
Civil Service Law specifically requires that "the workweek for
basic annual salary" for employees who are eligible for overtime
shall not exceed 40 hours, and provides that eligible employees
required to work overtime are to be compensated for every weekly
hour over 40 at a rate of 1½ times the employee's regular hourly
rate of pay (see Civil Service Law § 134 [1]).  The Legislature
could have included similarly specific directions in the
statutory provisions pertaining to emergency overtime
compensation for overtime-ineligible employees, but did not do
so.  These provisions instead leave to the discretion of the
Budget Director the issues of whether to grant emergency overtime
compensation and, within certain statutory limits, at what rate
such compensation should be paid (see Civil Service Law § 134
[5], [6]).  Notably, the statutory provisions pertaining to
overtime-ineligible employees make no reference to a 40-hour
workweek, while those pertaining to overtime-eligible employees
do not use the phrase "normal workweek" that appears in the
provisions pertaining to ineligible employees (see Civil Service
Law § 134 [1], [5], [6]).  The Legislature is presumed to have

acted intentionally in using different language for the two classes of employees, in failing to define a "normal workweek" for overtime ineligible employees in terms of a specified number of hours, and in according discretion to the Budget Director with regard to the payment of emergency overtime compensation for employees who are ordinarily ineligible for overtime (see Matter of New York Constr. Materials Assn., Inc. v New York State Dept. of Envtl. Conservation, 83 AD3d at 1328).

Next, petitioners and Kent contend that the employer respondents acted arbitrarily and capriciously and were irrational in refusing to request that the Budget Director authorize payment for hours beyond 40 per week worked as a result of Hurricane Sandy.  However, Civil Service Law § 134 (6) grants no authority to any official other than the Budget Director to determine whether and how much emergency overtime compensation is to be paid to otherwise ineligible employees, and here the Budget Director had not failed or refused to exercise this statutory authority (compare Matter of Welch v Constantine, 194 AD2d at 1010-1011).  On the contrary, the payment of emergency overtime compensation for work related to Hurricane Sandy had been authorized and the employer respondents had been advised that no such compensation would be paid for weekly hours greater than 40 but less than 47.5.  Under these circumstances, they did not act irrationally in failing to request such compensation.

Lahtinen, J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court