## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 18, 2015          519512

_____

In the Matter of DAVID AYOUB
    et al.,
                 Petitioners,

      v                         MEMORANDUM AND JUDGMENT

TAX APPEALS TRIBUNAL OF THE
    STATE OF NEW YORK et al.,
                 Respondents.

_____

Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

_____

Centolella Lynn D'Elia & Temes, LLC, Syracuse (Timothy M. Lynn of counsel), for petitioners.

Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for Commissioner of Taxation and Finance, respondent.

_____

Peters, P.J.

Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained notices of deficiency of personal income tax imposed under Tax Law article 22.

This proceeding concerns petitioners' entitlement to Qualified Empire Zone Enterprise (hereinafter QEZE) tax reduction credits and refundable Empire Zone (hereinafter EZ) wage credits flowing from their membership interests in an accounting practice operating under the name Bowers & Company, CPAs, PLLC

(hereinafter MGD/Bowers) for the 2006, 2007 and 2008 tax years. The Tax Law provides for tax reduction credits against personal income tax for a member of a partnership that is certified as a QEZE (see Tax Law §§ 16 [a]; 606 [cc]).  A QEZE is defined as "[a] business enterprise" that is certified under General Municipal Law article 18-B and meets the employment test (Tax Law § 14 [a]).  For purposes of the QEZE tax reduction credit, the date that the business enterprise is first certified is significant.  As to a business enterprise first certified between August 1, 2002 and March 31, 2005 with a base period of zero taxable years, the employment test is met only if the enterprise qualifies as a "new business" (Tax Law § 14 [b] [1]; [j] [2]). In contrast, a business enterprise first certified prior to August 1, 2002 need not qualify as a new business to meet the employment test (see Tax Law § 14 [b] [1]).[1]

MGD/Bowers was originally formed as a single-member New York limited liability company as part of a plan to combine the operations of two Syracuse-based accounting firms – Dermody, Burke & Brown, Certified Public Accountants, P.C. (hereinafter DBB) and Pasquale & Bowers LLP.  The single-member PLLC obtained certification as a QEZE under General Municipal Law article 18-B in July 2002 and, thereafter, a certificate of amendment of the articles of organization was filed changing the name of that entity to Dermody, Burke & Brown, Certified Public Accountants, PLLC (hereinafter Dermody PLLC).  In January 2003, Dermody PLLC began operations and 20 members were admitted to the practice, 14 of whom had been shareholders of DBB and the other six of whom had been partners at Pasquale & Bowers.

In July 2004, the members of Dermody PLLC entered into a separation agreement wherein the practice separated in a similar proportion to how it had been formed.  Pursuant to that

_____

[1]  The question regarding the applicable date of certification is relevant only with regard to petitioners' claims for QEZE tax reduction credits, as claims for refunds of EZ wage credits are subject to the new business requirement regardless of the date of certification (see Tax Law § 606 [a] [10] [A]; [k] [5]).

agreement, the former shareholders of DBB had their membership interests in Dermody PLLC redeemed and formed a new entity, leaving only the former partners of Pasquale & Bowers as members. The separation agreement further provided that the redemptions of the membership interests were, for tax purposes, intended to be treated as an assets-over form division of a partnership whereby one of the resulting partnerships is a continuation of the former partnership. Accordingly, notwithstanding its retention of the corporate form, the post-separation Dermody PLLC — as the resulting partnership whose members had less than a 50% interest in the capital and profits of the prior partnership — became a new partnership for federal tax purposes (see Internal Revenue Code [26 USC] § 708 [b] [2] [B]; 26 CFR 1.708-1 [d] [1]). A certificate of amendment to the entity's articles of organization was again filed changing its name to MGD/Bowers. MGD/Bowers applied for and was granted certification as a QEZE in August 2004.

Following an audit of petitioners' personal income tax returns for the 2006, 2007 and 2008 tax years, the Division of Taxation and Finance determined that petitioners were not entitled to the claimed QEZE tax reduction credits and refundable EZ wage tax credits and issued notices of deficiency assessing additional personal income tax due, plus interest. After a hearing, an Administrative Law Judge sustained the notices of deficiency with certain modifications not relevant here, concluding that MGD/Bowers was a business enterprise first certified as a QEZE in August 2004, not July 2002, and did not qualify as a new business pursuant to Tax Law § 14 (j). That determination was affirmed by respondent Tax Appeals Tribunal, and this CPLR article 78 proceeding ensued.

The parties' primary disagreement here centers on whether the term business enterprise under Tax Law § 14 (a) refers to the taxable entity or the legal entity. The Tax Law does not define business enterprise, and this Court will "defer to the governmental agency charged with the responsibility for administration of [a] statute in those cases where interpretation or application involves knowledge and understanding of underlying operational practices" (Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation, 18

NY3d 289, 296 [2011] [internal quotation marks and citation omitted]; accord Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist., 97 AD3d 61, 66-67 [2012], lv denied 19 NY3d 816 [2012]; see Matter of Kent v Cuomo, 124 AD3d 1185, 1186 [2015]).  While, as a general rule, courts will not defer to administrative agencies in matters of pure statutory interpretation, where, as here, the question is "'one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially,'" deference is appropriate (Matter of Easylink Servs. Intl., Inc. v New York State Tax Appeals Trib., 101 AD3d 1180, 1182 [2012], lv denied 21 NY3d 858 [2013], quoting Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]; see Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., ___ AD3d ___, ___, 2015 NY Slip Op 03906, *7 [2015]; Matter of Stevenson v New York State Tax Appeals Trib., 106 AD3d 1146, 1147 [2013]).  To prevail over the Tribunal's construction of the statute, petitioners must establish that their "interpretation of the statute is not only plausible, but also that it is the only reasonable construction" (Matter of Stevenson v New York State Tax Appeals Trib., 106 AD3d at 1147 [internal quotation marks and citations omitted]; see Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006]; Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d 1341, 1342 [2011], affd 19 NY3d 1058 [2012], cert denied ___ US ___, 134 S Ct 422 [2013]).

In our view, it cannot be said that the Tribunal acted irrationally in construing the term business enterprise in accordance with an entity's classification for state and federal income tax purposes.  As the Tribunal noted, the Tax Law does not allow for QEZE tax reduction credits based upon membership in a limited liability company (hereinafter LLC), such as MGD/Bowers, because such an entity is not recognized for income tax reporting (see Tax Law §§ 16 [a]; 606 [cc]; 26 CFR 301.7701-3 [a]).  Rather, an LLC is only recognized in accordance with how its members elect to be treated for state and federal tax purposes, i.e., either as a corporation or a partnership (see Tax Law § 601 [f]).  The Tribunal thus logically concluded that Empire Zone attributes – such as a QEZE certification – do not follow the LLC entity, but rather are obtainable only through the reporting

classification chosen by the LLC, and that the question of whether MGD/Bowers should be considered the same business enterprise as that which existed prior to the separation of Dermody PLLC is therefore dependent upon whether it is considered the same partnership for income tax purposes. As noted, when Dermody PLLC separated into two separate partnerships in July 2004, MGD/Bowers became a new partnership for tax purposes and, accordingly, was considered a separate and distinct business enterprise from that certified as a QEZE in July 2002. As the Tribunal rationally determined that MGD/Bowers, as it existed during the tax years at issue, was first certified as a QEZE between August 1, 2002 and March 31, 2005, petitioners' entitlement to the claimed credits hinged on whether MGD/Bowers qualified as a new business under Tax Law § 14.[2]

A new business is one that is not "substantially similar in operation and in ownership" to a taxable or previously taxable business entity (Tax Law § 14 [j] [2]). There can be no dispute that, during the 2006, 2007 and 2008 tax years at issue, the post-separation MGD/Bowers was substantially similar in ownership to Pasquale & Bowers, as both entities consisted of the very same members. With regard to its operations, while testimony was presented regarding several changes that were undertaken following the merger of Pasquale & Bowers and DBB, the Administrative Law Judge took particular note of the fact that MGD/Bowers' client base following the breakup of Dermody PLLC was the same as that of Pasquale & Bowers. Moreover, petitioners failed to demonstrate that any such changes in operation were made before or during the tax years at issue, as opposed to some

_____

[2] Petitioners also assert that, even if the August 2004 certification controls their claims for QEZE tax reduction credits, MGD/Bowers is still not required to qualify as a new business in order to meet the employment test because it has a base period of more than zero years (see Tax Law § 14 [c]). As the Tribunal properly concluded, however, inasmuch as MGD/Bowers was deemed a newly formed partnership upon the separation of Dermody PLLC in 2004, it could not rely upon the tax attributes of the prior, distinct partnership to which its members no longer belonged.

later point in time.  Mindful that statutes providing for tax credits are construed narrowly and that the burden of proving entitlement to such credits rests with the taxpayer (see Matter of Piccolo v New York State Tax Appeals Trib., 108 AD3d 107, 111-112 [2013]), we conclude that the Tribunal's finding that MGD/Bowers was substantially similar to Pasquale & Bowers is "rationally based upon and supported by substantial evidence" (Matter of Ingle v Tax Appeals Trib. of the Dept. of Taxation & Fin. of the State of N.Y., 110 AD3d 1392, 1393 [2013] [internal quotation marks and citations omitted]; accord Matter of Luongo v Tax Appeals Trib. of the State of N.Y., 117 AD3d 1286, 1289 [2014]; see Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d 1151, 1152 [2013]; Matter of Salh v Tax Appeals Trib. of the State of N.Y., 99 AD3d 1124, 1125 [2012], lv denied 20 NY3d 863 [2013]).  Accordingly, its determination that petitioners were not entitled to the claimed QEZE tax reduction credits and refundable EZ wage credits must be confirmed.

Petitioners' remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.

Lahtinen, McCarthy and Rose, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:


Robert D. Mayberger
Clerk of the Court