State ex rel. Posillico v Caithness Long Is., LLC (2023 NY Slip Op 06768)

State ex rel. Posillico v Caithness Long Is., LLC

2023 NY Slip Op 06768

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-06542
 (Index No. 6357/18)

[*1]State of New York ex rel. John Posillico, et al., appellants, 
v
Caithness Long Island, LLC, respondent.

Lawrence E. Kelly, named herein as Lawrence Kelly, Bayport, NY, appellant pro se and for appellants John Posillico and Eugene Cook.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Michael B. Weitman of counsel), for respondent.

DECISION & ORDER
In a qui tam action pursuant to State Finance Law § 189, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated August 10, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this qui tam action pursuant to State Finance Law § 189, alleging, inter alia, that the defendant knowingly made false claims for qualified empire zone enterprise (hereinafter QEZE) tax credits contrary to state law and an agreement between the defendant and the Town of Brookhaven Industrial Development Agency (hereinafter the Brookhaven IDA) for payments in lieu of taxes. The defendant moved pursuant to CPLR 3211(a) to dismiss the second amended complaint. In an order dated August 10, 2021, the Supreme Court, among other things, granted the defendant's motion. The plaintiffs appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d 896, 897; see Leon v Martinez, 84 NY2d 83, 87). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653 [internal quotation marks omitted]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not [*2]allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Nassau Operating Co., LLC v DeSimone, 206 AD3d at 925).
"A taxpayer which is a qualified empire zone enterprise (QEZE), or which is a sole proprietor of a QEZE or a member of a partnership which is a QEZE, and which is subject to tax under article nine-A [Franchise Tax on Business Corporations], twenty-two or thirty-three of this chapter, shall be allowed a credit against such tax, pursuant to the provisions referenced in subdivision (h) of this section, for eligible real property taxes" (Tax Law § 15[a]). "[T]he term 'eligible real property taxes' includes payments in lieu of taxes made by the QEZE to the state, a municipal corporation or a public benefit corporation pursuant to a written agreement entered into between the QEZE and the state, municipal corporation, or public benefit corporation" (id. § 15[e]; see Matter of Golub Corp. v New York State Tax Appeals Trib., 116 AD3d 1261, 1262). "The Tax Law provides for tax reduction credits against personal income tax for a member of a partnership that is certified as a QEZE" (Matter of Ayoub v Tax Appeals Trib. of the State of N.Y., 129 AD3d 1354, 1354).
Here, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint. The defendant established that it was entitled to claim QEZE tax credits pursuant to Tax Law § 15. The defendant demonstrated that it had a valid written agreement with the Brookhaven IDA to make payments in lieu of taxes, which, pursuant to Tax Law § 15, were included as "eligible real property taxes."
The plaintiffs' remaining contentions are either improperly raised for the first time of appeal or without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court